MARY ROBINSON *vs.* GEORGE H. HUBER.

*Case—Personal Injuries—Negligence—Due Care; At Street Crossings—Damages.*

1. If a person in charge of a vehicle approaching a street crossing sees, or by looking might have seen, a person walking over or along such crossing, he is bound to stop or turn aside his vehicle so as to avoid collision, and when he stops it should be for such time as to afford a proper and reasonable time to get out of the way of the vehicle, and if he fails so to do he is guilty of negilgence.

2. Due care and negligence defined.

*(February 27, 1906.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Horace G. Knowles* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1905.

ACTION ON THE CASE (No. 174, September Term, 1906), to recover damages for personal injuries.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, Mary Robinson, against the defendant, George H. Huber, to recover damages for personal injuries caused by the alleged negligence of the defendant.

The plaintiff claims that at an early hour of the morning of June 6, 1905, while she was crossing from the southerly to the northerly side of Second Street, at or near its intersection with Washington Street in the City of Wilmington, she was, without any negligence on her part, knocked down and injured by a wagon of the defendant, by the negligence and carelessness of the driver of said wagon a servant or agent of the defendant.

The defendant denies that there was any negilgence on the part of his driver, and insists that if the injury to the plaintiff was occasioned by the negligence of any one it was her own negligence, and further, if there was negligence on the part of the driver, there was also negligence on the part of the plaintiff which contributed to the accident and defeats her right to recover in this action.

The right of drivers of vehicles and of persons on foot to use the public streets must be exercised by each with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the right of the other.

There can be no recovery in this case unless the injury to the plaintiff was occasioned by the negligence of the defendant.

Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

Negligence on the part of the driver of the defendant's wagon would be the negligence of the defendant.

Negligence is not presumed, but must be proved to the satisfaction of the jury, and the burden of proving it is upon the party by whom it is alleged.

VERDICT,

What is due and proper care required of persons using a public street—whether in a vehicle or on foot—depends on the facts and circumstances of the particular case. Where there is more than ordinary danger a proportionate increase of care is required.

A person in charge of a vehicle approaching a street crossing is bound to the reasonable use of his senses for the prevention of injury to persons on foot using such crossing, and he is bound to exercise such reasonable caution as an ordinarily careful and prudent person would exercise in like circumstances, and if he fails to do so he is guilty of negligence.

If he sees, or by looking might have seen, a person walking over or along such street crossing, he is bound to stop or turn aside his vehicle so as to avoid collision with such person, and when he stops it should be for such time as to afford such person a proper and reasonable time to get out of the way of the vehicle, and if he fails so to do he is guilty of negligence.

If the injury to the plaintiff was caused by the negligence of the defendant's driver, without negligence on the part of the plaintiff, your verdict should be for the plaintiff; but if such injury was caused by the concurrent negligence of both parties, the plaintiff would be guilty of contributory negligence, and your verdict should be for the defendant, as the law in such case does not weigh and balance the degree of negligence or responsibility attributable to each party.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If your verdict shall be for the plaintiff it should be for such sum as will reasonably compensate her for her injuries, including therein her expenses for medical services and nursing, if any, her pain and suffering, her impaired power to perform labor since her injury, and such as may come to her in the future, her loss of time and labor as the result of her injuries, if any; and if under the evidence you find that her injuries are of a permanent character, such as to cause any impairment of ability to earn a living in the future, you should consider that fact in determining the amount of her damages.

Verdict for plaintiff for $500.