# WINTER SESSIONS,
## 1910.

AGUSTA M. BENSON *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation existing under the laws of the State of Delaware.

*Negligence; Definition—Presumption—Burden of Proof—Contributory Negligence—Mutual Negligence—Operation of Street Car—Care Required—Passengers—Liability for Injuries—Duty of Passengers—Preponderance of Evidence—Conflict of Testimony—Awarding Damages—Personal Injuries—Measure of Damages.*

1.  Negligence is defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances.

2.  It is for the jury to determine from the evidence whether there was any negligence that caused the accident, and if there was, whether it was the negligence of the defendant.

3.  To entitle the plaintiff to a recovery, it must be shown by a preponderance of the evidence that the negligence of the defendant, if any there was, which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration.

4.  Negligence is not to be presumed, but must be proved, and the burden of proof is upon the plaintiff.

5.  No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured while alighting from the defendant's car.

6.  If it shall appear to the satisfaction of the jury that the negligence of the plaintiff contributed to or entered into the accident, and was operating at that time, then the plaintiff cannot recover.

7.  Where there is contributory negligence, operating at the time of the accident the law will not attempt to measure the proportion of blame, or negligence to be attributed to either party.

8.  When there is mutual negligence, that is, when the negligence of each party is operative at the time of the accident, no action can be sustained.

9.   A street railway company is bound to stop its cars, and wait a reasonable time for the passengers to get on or off at its usual stopping places, and a failure to do so would be negligence on its part.

10.   It is the duty of a railway company to exercise all reasonable care—that is, the highest degree of care and diligence that is reasonably practicable to secure the safety of its passengers.

11.   A railway company is not an insurer of the safety of its passengers, but is only responsible for injuries caused by its negligence.

12.   It is the duty of the passenger to act with prudence, and to use the means provided for his safe transportation with reasonable circumspection and care; and if his negligent act contributes to the injury complained of, he cannot recover.

13.   It is the duty of the passenger to exercise reasonable care in alighting from a car.

14.   A passenger familiar with the railway at the place of the accident, and the operation of the cars there, is bound to avail himself of such knowledge.

15.   When the allegation is that the company suddenly started up the car, when the plaintiff was in the act of alighting therefrom, she must satisfy the jury that her injuries were caused by such sudden starting up of the car when she was alighting therefrom, else she cannot recover.

16.   The preponderance of evidence depends not necessarily upon the number of witnesses but upon the weight of their testimony.

17.   When there is a conflict of evidence, it is the duty of the jury to reconcile it if they can; but, if they cannot do so, then it becomes their duty to render their verdict in favor of that side upon which the evidence reasonably and clearly preponderates.

18.   In determining the weight of the testimony, and the credibility of the witnesses, the jury may consider the apparent fairness, interest or bias of the witnesses, their opportunity to see and know of the accident, their recollection of the circumstances connected therewith, and any and all other facts and circumstances that go to test the accuracy of the witnesses and aid them in reaching a just and proper verdict.

19.   The measure of damages for injuries received as a passenger is such an amount as would reasonably compensate her for the injuries she sustained, including therein her pain and suffering, for any disability that has resulted from her injuries and also for any necessary expenditure, or charge incurred by her, and for which she made herself liable for medicine or medical attendance required on account of the injuries received in said accident.

20.   If the jury should believe that the injuries to the plaintiff were caused by her own negligence and careless manner in getting off the car, their verdict should be for the defendant.

*(February 8, 1910.)*

PENNEWILL, C. J., and WOOLLEY and HASTINGS, J. J., sitting.

*Julian C. Walker* for plaintiff.

*Walter H. Hayes* and *H. H. Ward* for defendant.

Superior Court, New Castle County, January Term, 1910.

ACTION ON THE CASE (No. 122, September Term 1909), to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant in causing the car on which the plaintiff was a passenger to be suddenly moved forward with a jolt or jar, thereby throwing the plaintiff from the running-board of the car while attempting to alight therefrom.

At the trial the plaintiff was permitted to testify, against objections and exceptions that her husband was blind and at the time in a hospital—and that she paid for the medicine which she got from the doctor .

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff against the defendant to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company. The plaintiff contends that on July 7th, 1909, she was a passenger on one of the cars of the defendant, and that by and through the negligence and carelessness of the defendant in suddenly starting up its said car, upon which the said plaintiff was then and there a passenger, while she was in the act of alighting from the said car at or near to Fifteenth and Claymont streets in this city, she was violently hurled or cast upon the street, and was badly hurt, wounded, injured, etc.
The defendant contends that it was guilty of no negligence whatever; that at the time the plaintiff attempted to alight from the car it was not suddenly started, but was entirely at rest; that it did not start until after the injury had happened, and that the

plaintiff's falling, or being thrown, from the car was due solely to her own negligence.

It is admitted by the parties hereto:

That the Wilmington City Railway Company, the defendant in the above stated case, at the time of the happening of the alleged injuries, was and still is a common carrier, engaged in the business of transporting passengers for hire, operating certain lines of street railway in the City of Wilmington, New Castle County and State of Delaware, by means and use of electricity, and, among other streets in said City, on, along, over and upon a certain street called Claymont Street, at or near Fifteenth Street. It is also admitted that, at the time of said alleged injuries, the said plaintiff was a passenger of the said defendant company for hire, and that the car in which the said plaintiff was riding, as aforesaid, was being run and operated by the said defendant. Also that the defendant was lawfully and rightfully on the said street.

The basis and gist of this action is the negligence of the defendant. Negligence has often been defined by this Court to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances. It is for the jury to determine from the evidence whether there was any negligence that caused the accident, and if there was, whether it was the negligence of the defendant. To entitle the plaintiff to recover at all it must have been shown to the satisfaction of the jury, by a preponderance of the evidence, that the negligence which caused the injuries complained of, if any there was, was the fault of the defendant company; and the jury must be further so satisfied, that the negligence of the defendant, if any there was, which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration, viz.: the sudden starting up of the car while the plaintiff was in the act of alighting therefrom. Such negligence is not to be presumed, but must be proved, and the burden of proof is upon the plaintiff.

If the defendant was guilty of no negligence the plaintiff cannot recover, no matter what injuries the plaintiff may have received, or what caused them. No presumption of negligence,

either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured while alighting from the defendant's car.

If it shall appear to the satisfaction of the jury that the plaintiff was negligent herself, and that such negligence contributed to or entered into the accident, and was operating at that time, then the plaintiff cannot recover.    In such case the plaintiff would be guilty of contributory negligence, and where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party.

Where there is mutual negligence, that is, where the negligence of each party is operative at the time of the accident, no action can be sustained.

It is admitted by the defendant that the plaintiff was, at the time of the accident, a passenger on its car, and it is therefore necessary for the court to explain to you the respective duties of the  company  and  the  passenger.

A street railway company in letting its passengers on and off its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on or off at its usual stopping places, and a failure to do so would be negligence on its part.    It is also its duty to exercise all reasonable care to secure the safety of the passengers.    What would be such reasonable time and care would depend of course upon the conditions and circumstances of the particular case.  A common carrier, such as a railway company, is required to exercise the highest degree of care and diligence that is reasonably practicable in securing the safety of its passengers. But while the common carrier is held to strict care and prudence in the safe transportation of its passengers, yet it must be borne in mind that it is by no means an insurer of their safety; but is only responsible for its own negligence, in case of injury.

On the other hand, there is a duty resting upon the passenger to act with prudence, and to use the means provided for his safe transportation with reasonable   circumspection and care; and if his negligent act contributes to bring about the injury complained of, he cannot recover.    It is the duty of the passenger to exercise reasonable care in alighting from a car.   A passenger familiar

with the railway at the place of the accident, and the operation of the cars there, is bound to avail himself of such knowledge.

The plaintiff in her declaration has alleged as the negligence of the defendant company upon which she bases her action and relies for recovery, that the company suddenly started up the car when she was in the act of alighting therefrom. In order for her to recover, therefore, she must have satisfied you that her injuries were caused by such sudden starting up of the car when she was alighting thereform. If the car was not suddenly started, but was stopped and at rest, at that time, she cannot recover. This is necessarily so, because, as we have said, there arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured. She cannot recover unless it has been shown to your satisfaction by the preponderance of the evidence that her injuries were caused by the negligence of the defendant as alleged. The preponderance of evidence depends not necessarily upon the number of witnesses but upon the weight of the testimony.

Where there is a conflict of evidence, as there is in this case, it is the duty of the jury to reconcile it if they can, but if they cannot do so then it becomes their duty to render their verdict in favor of that side upon which the evidence reasonably and clearly preponderates. In determining the weight of the testimony and the credibility of the witnesses you may consider the apparent fairness, interest or bias of the witnesses, their opportunity to see and know of the accident, their recollection of the circumstances connected therewith, and any and all other facts and circumstances that go to test the accuracy of their testimony.

If you are satisfied from the evidence that the plaintiff, while in the act of alighting from the car, was hurled or thrown to the ground and injured by the sudden starting of the car as she has alleged in her declaration; and are also satisfied that the plaintiff herself was not at the time guilty of some negligence that contributed proximately to the accident, your verdict should be in favor of the plaintiff, and for such an amount as would reasonably compensate her for the injuries she sustained, including therein her pain and suffering, for any disability that has resulte

from her injuries, and also for any necessary expenditure, or charge incurred by the plaintiff, and for which she made herself liable, for medicine or medical attendance required on account of the injuries received in said accident.

If you are not satisfied that the injuries to the plaintiff were caused by the sudden starting of the car while she was in the act of alighting therefrom, as alleged by her; or if you should believe that they were caused by her own negligence, and careless manner in getting off the car, your verdict should be in favor of the defendant.

Verdict for defendant.