MARK FREEMAN *vs.* WILMINGTON AND PHILADELPHIA TRACTION COMPANY.

1. NEGLIGENCE—DEFINITION.

Negligence is the want of such care as a reasonably prudent and careful person would use under similar circumstances.

**2. CARRIERS—PASSENGERS—NEGLIGENCE—JURY QUESTION.**

Where the evidence conflicts on the question of negligence in a street car passenger's action for negligence, whether defendant's negligence caused the accident is for the jury.

**3. CARRIERS—PASSENGERS—INJURIES—NEGLIGENCE.**

. To entitle a street car passenger to recover for injuries in alighting, it must appear that defendant's negligence caused the injury.

**4. CARRIERS—PASSENGERS—PERSONAL INJURIES—ACTIONS—PROOF.**

To entitle a street car passenger to recover for injuries in alighting, it must appear that the negligence proved was that alleged in the declaration.

**5. NEGLIGENCE—BURDEN OF PROOF.**

The burden of proving negligence is on plaintiff in a personal injury action.

**6. CARRIERS—PASSENGERS—INJURIES—PRESUMPTION OF NEGLIGENCE.**

No presumption of negligence, either by a passenger or carrier, arises from the mere fact of injury to a street car passenger while alighting; the burden of proving negligence being on the party asserting it.

**7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COMPARATIVE NEGLIGENCE.**

If a street car passenger was negligent, and such negligence contributed to his injuries, he cannot recover; the law not attempting to apportion the negligence of the parties.

**8. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.**

If the negligence of each party operates at the time of an accident to contribute to the injury, no recovery can be had.

**9. CARRIERS—PASSENGERS—NEGLIGENCE—INJURIES IN ALIGHTING.**

A street car company must stop its cars a reasonable time for passengers to alight at its usual stopping places; failure to do so being negligence.

**10. CARRIERS—PASSENGERS—CARE REQUIRED.** ··

While a common carrier is liable for injury to passengers only where it is negligent, it must use the greatest care, diligence, and skill reasonably possible to prevent injuring passengers in the management of the means of conveyance,

**11. CARRIERS—PASSENGERS—ALIGHTING—CARE REQUIRED.**

A passenger may leave his seat and prepare to alight after giving notice of his intention to do so, provided he uses due prudence and avails himself of his knowledge as to the operation of the cars.

**12. EVIDENCE—PREPONDERANCE.**

The preponderance of the evidence depends upon the weight of the testimony, and not necessarily upon the number of witnesses.

**13. EVIDENCE—WEIGHING CONFLICTING EVIDENCE.**

Where the evidence conflicts, the jury must reconcile it, if possible, and, if not, must find in favor of the side upon which the evidence reasonably preponderates.

**14. EVIDENCE—CREDIBILITY OF WITNESSES.**

In determining the weight of testimony and the credibility of witnesses, the jury must consider the apparent fairness or bias of the witnesses, the opportunities to know the facts testified to, the recollection of the circumstances in

connection therewith, and all other circumstances going to the accuracy of their testimony.

**15. CARRIERS—PASSENGERS—NEGLIGENCE.**

If a street car passenger, while preparing to alight, was thrown to the ground by the sudden starting of the car after it had been slowed for him to alight, he could recover for resulting injuries, providing he was not himself negligent.

**16. DAMAGES—PERSONAL INJURIES—ELEMENTS.**

A street car passenger, injured in alighting by the carrier's negligence, would be entitled to recover such an amount as would reasonably compensate him for the injuries sustained, including his pain and suffering, for any past or future disability resulting therefrom, and for necessary medical expenses for which he had incurred liability.

(<em>May</em> 24, 1911.)

Judges BOYCE and WOOLLEY sitting.

*J. Harvey Whiteman* for plaintiff.

*Andrew C. Gray* (of *Ward, Gray* and *Neary*) and *Walter H. Hayes* for defendant.

Superior Court, New Castle County, May Term, 1911.

ACTION ON THE CASE (No. 137, September Term, 1910), to recover damages for personal injuries alleged to have been received by the plaintiff on September 6, 1910, while a passenger on a car of the defendant, by being thrown from the car on the street bed on Vandever Avenue near Carter Street, in the City of Wilmington, through the sudden jerking or starting up of the car after the same had been slowed down at or near said street corner.

The facts and questions presented appear in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action instituted by the plaintiff to recover damages for personal injuries which it is alleged were occasioned by the negligence of the defendant company. The plaintiff contends, in substance, that on the sixth day of September, 1910, he was a passenger on one of the cars which the defendant admits it owned and operated within the City of Wilmington; that the destination of the plaintiff was Vandever Avenue and Carter Street, and that when approaching his destination he told the conductor to let him off at that point; that when the

car was proceeding along Vandever Avenue in a westerly direction and coming near Carter Street, it slackened its speed as if to stop in pursuance with his request; that as the speed of the car was being diminished, he rose from his seat and went to the side of the car, which was an open summer car, and stepped down on the running board, preparatory to alighting; that while in this position, in the exercise of a care and caution commensurate with the situation and its risks, the car was caused suddenly to start forward with an accelerated speed and jerk, whereby he was thrown to the ground and sustained the injuries of which he complains. He further claims that, being a passenger and having paid his fare, the defendant company owed him the duty to stop its car at the place designated by him to the conductor and in bringing its car to a stop, it owed the further duty to so operate it that he might be carried and permitted to alight in safety.

The defendant contends that the plaintiff, while on its car at the time and upon the route stated by the plaintiff, gave no indication to the conductor that his destination was Vandever Avenue and Carter Street, but, on the contrary, requested that the conductor stop the car and let him off at La Motte Street, which is the street next to and west of Carter Street, and that as a consequence, when Carter Street was reached, the car was not stopped nor its speed slackened for the purpose of stopping; that the plaintiff was sitting on the seat on the rear platform of the car, and when Carter Street was reached, got up, and without signal or other evidence of his intention, and without the knowledge of the conductor, backed off the car and fell to the ground and thereby himself caused the injuries of which he complains against the defendant, and that the fall of the plaintiff was not caused either by a jerk or increased speed of the car.

The defendant further claims that it owed the plaintiff no duty to stop the car or decrease its speed at any street other than the one at which the plaintiff had indicated his intention to alight, and therefore was not negligent in passing Carter Street without stopping.

[1-5]　The basis and gist of this action is the negligence of the defendant. Negligence has often been defined by this court to

be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances.     It is for the jury to determine from the evidence whether there was any negligence that caused the accident, and if there was, whether it was the negligence of the defendant.     To entitle the plaintiff to recover it must have been shown to the satisfaction of the jury, by a preponderance of the evidence, that the negligence which caused the injuries complained of, if any there was, was the negligence of the defendant company; and the jury must further be satisfied that such negligence of the defendant was the negligence described in the plaintiff's declaration, viz., the sudden starting up of the car while the plaintiff was in the act of alighting therefrom.     Such negligence is not to be presumed, but must be proved, and the burden of proof is upon the plaintiff.

[6]   If the defendant was guilty of no negligence the plaintiff cannot recover, no matter what injuries the plaintiff may have received, or what caused them.   No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured while alighting from the defendant's car.     The burden of proving negligence of either party is upon the one asserting it.

[7]   If it shall appear to the satisfaction of the jury that the plaintiff was negligent himself, and that such negligence contributed to or entered into the accident, and was operating at that time, then the plaintiff cannot recover.   In such case the plaintiff would be guilty of contributory negligence, and where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party.

[8]   Where there is mutual negligence, that is, where the negligence of each party is operative at the time of the accident, no action can be sustained.

It is admitted by the defendant that the plaintiff was, at the time of the accident, a passenger on its car, and it is therefore necessary for the court to explain to you the respective duties of the company and the passenger.

[9]   A street railway company, in letting its passengers on

and off its cars, is bound to stop its cars and wait a reasonable time for the passengers to get on or off at its usual stopping places, and a failure to do so would be negligence on its part. It is also its duty to exercise all reasonable care to secure the safety of the passengers. What would be such reasonable time and care would depend of course upon the conditions and circumstances of the particular case. *Benson v. W. C. Ry. Co.*, 1 *Boyce*, 202, 75 *Atl.* 793.

[10] A common carrier of passengers is liable for injuries to the latter only in case of its negligence. But the law in its beneficence will not allow any trifling with the lives or personal safety of human beings, and therefore exacts great care, diligence and skill from those to whose charge as common carriers they are committed; common carriers of passengers are responsible for any negligence resulting in injury to them, and are required in the preparation, conduct and management of their means of conveyance, to exercise every degree of care, diligence and skill, which a reasonable man would use under such circumstances. This obligation is imposed on them as a public duty, and by their contract to carry safely, as far as human care and foresight will reasonably admit.

[11] A passenger has a right to leave his seat and prepare to leave the car after he has given notice of his intention so to do, which right is coupled with his duty to act with prudence, and to use the means provided for his safe exit with reasonable circumspection and care; and if his negligent act contributes to bring about the injury complained of, he cannot recover. It is the duty of the passenger to exercise reasonable care in preparing to alight from a car. A passenger familiar with the railway at the place of the accident, and the operation of the cars there, is bound to avail himself of such knowledge.

[12] The plaintiff in his declaration has alleged as the negligence of the defendant company upon which he bases his action and relies for recovery, that the company suddenly started up the car when he was preparing to alight, to do which he alleges that he arose from his seat and stepped upon the running board of the car. In order for him to recover, therefore, he must have

satisfied you by the preponderance of the evidence that his injuries were caused by such sudden starting up of the car when he was preparing to alight therefrom. The preponderance of evidence depends not necessarily upon the number of witnesses but upon the weight of the testimony.

[13, 14] Where there is a conflict of evidence, as there is in this case, it is the duty of the jury to reconcile it if you can, but if you cannot do so then it becomes your duty to render your verdict in favor of that side upon which the evidence reasonably and clearly preponderates. In determining the weight of the testimony and the credibility of the witnesses you may consider the apparent fairness, interest or bias of the witnesses, their opportunity to see and know of the accident, their recollection of the circumstances connected therewith, and any and all other facts and circumstances that go to test the accuracy of their testimony.

[15, 16] If you are satisfied from the evidence that the plaintiff, while in the act of preparing to alight from the car, was hurled or thrown to the ground and injured by the sudden starting of the car as he has alleged in his declaration; and are also satisfied that the plaintiff himself was not at the time guilty of negligence that contributed proximately to the accident, your verdict should be in favor of the plaintiff, and for such an amount as would reasonably compensate him for the injuries he has sustained, including therein his pain and suffering, for any disability in the past or future that has resulted from his injuries, and also for any necessary expenditure or charge incurred by the plaintiff, and for which he made himself liable, for medicine or medical attendance required on account of the injuries received in the accident.

If you are not satisfied that the injuries to the plaintiff were caused by the sudden starting of the car while he was in the act of preparing to alight therefrom, as alleged by him in his declaration, or if you should believe that they were caused by his own negligence and careless manner in getting off the car, your verdict should be in favor of the defendant.

Verdict for plaintiff.