Preston F. TAYLOR, Administrator of the Estate of Emma C. Taylor, Plaintiff,

v.

Richard A. CLIVE, Defendant.

Superior Court of Delaware, Sussex.

April 27, 1970.

David B. Coxe, Jr., of Tunnell & Raysor, Georgetown, for plaintiff.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for defendant.

McNEILLY, Judge.

This is an action for personal injuries brought under our survival statute—10 Del.C. § 3701. Plaintiff's decedent at the

time of the mishap was a seventy-four year old lady who was described by her son and daughter-in-law at the trial as a very active person in good health for her age without any peculiarities other than she would sometimes forget those things which a person of younger years would remember.

On the day in question the decedent had gone with her daughter-in-law to the Blue Hen Mall south of Dover, Delaware. This was her first trip to the Mall since she had only moved to the home of her son in Seaford, Delaware from a small town in North Carolina on or about October 15, 1968, the date of the accident being November 29, 1968.

Upon arriving at the Mall they were fortunate enough to find a parking place directly across from the entrance to Dannemann's store. The younger Mrs. Taylor being desirous of purchasing some material out of which she intended to make a Christmas gift for her mother-in-law, asked the decedent to remain in the car until she returned. When she did return, which she estimated to be 20–30 minutes later, her mother-in-law was gone and she next saw her in the emergency ward of the Kent General Hospital. In the interim for reasons unknown and unexplained the decedent left the car, proceeded in the opposite direction from the store where her daughter-in-law had gone and across the huge parking lot in the direction of U. S. 113, the main highway from which they had entered the Mall. No one knows how or why she was there but the senior Mrs. Taylor was struck in the middle of the north bound lane of the dual highway U. S. 113 which lies adjacent to and to the west of the Mall parking lot.

The accident occurred at approximately 4:30 P.M. in the twilight of November 29, 1968. The defendant was a twenty year old Sergeant in the United States Air Force stationed at the Dover Air Base which is located on U. S. Route 113 south of Dover. He had finished work at 4:00 P.M. and was driving his automobile, alone, in the northbound lane of the dual highway (U. S. 113) toward Dover. The weather was clear, the traffic was heavy and the defendant was driving at a speed of forty-five miles per hour or faster. There were no traffic control lights at the intersection in question and the speed limit set by the Motor Vehicle Department at the time and place was sixty miles per hour during daylight hours and fifty-five miles per hour at night. In addition there were advisory signs at the intersection in question of thirty-five miles per hour with a notice to watch for turning traffic. These advisory signs are put up by the Highway Department to advise motorists of potential danger. They are advisory only and not intended to be regulatory.

Immediately prior to the accident the defendant had pulled into the lefthand lane to overtake and pass a tractor-trailer truck which was proceeding in the same direction in the righthand lane. Defendant testified that when he was approximately three-quarters of the way up the side of the truck, about five feet behind the cab, he checked his rear view mirror, looked ahead at traffic quite a distance in front of him, looked down at the gauges on his instrument panel, and then as he looked up there was the image of the decedent who at the same moment was struck by the side of his right front fender. The defendant admitted that as he was passing the truck he saw it swerve or deviate, but he claims he did not see the decedent until the instant of impact. He neither swerved to avoid contact nor did he apply his brakes prior to impact, and I think it is fair to conclude that the air pressure from the tractor-trailer truck propelled and unknowingly forced the decedent into the path of defendant's automobile. Unfortunately the truck did not stop and thus we have the benefit of no testimony by the truck driver of what he observed either immediately before or at the time of the accident.

Traveling directly behind the defendant was the only eye witness, a twenty-three year old resident of King Cliff Trailer Park

which is located on the same side of the highway and between the Mall and the Air Base. This witness claims she followed one car length behind the defendant from the time she pulled out of the trailer park until the accident occurred. There is some dispute as to exactly how far behind defendant she was, but I consider this as immaterial. They were traveling at approximately fifty miles per hour and just prior to the accident she saw the defendant reach to his right to pick up something from the floor or to remove something by the right door. At this time the truck was ahead of and to the right of defendant's automobile. As defendant straightened up in his seat she claims she saw Mrs. Taylor, the decedent, walk into defendant's car. The truck had passed the decedent, who was standing on the white line in the middle of the highway, and the wind from the truck had blown her coat into the air and around her. At this time the impact occurred; the decedent flew straight up into the air; the witness applied her brakes avoiding any impact; and she stopped within the median strip of the highway. This witness does not remember making a statement to one of the investigating officers that the accident was unavoidable, but she does remember an exchange with the defendant during which she asked him if he had not seen the defendant to which he answered in the negative and an additional rhetorical question to the effect of, how come you didn't see her when I did.

The plaintiff does not deny that decedent was negligent in placing herself in a position of peril immediately prior to the accident but in fact relies on the doctrine of "Last clear chance" as defined by Section 479 of the Restatement of Torts and applied in the cases of Baker v. Reid (Supr. Ct.Del.1947), 5 Terry 112, 57 A.2d 103; Island Express v. Frederick (Del.Supr.Ct. 1934), 5 W.W.Harr. 569, 171 A. 181 and Lord v. Poore (Supr.Ct.Del.1954), 9 Terry 595, 108 A.2d 366. In reliance plaintiff claims that defendant was negligent in failing to keep a proper lookout, failing to keep his vehicle under proper control, and traveling at a speed greater than was reasonable and prudent under the circumstances. Plaintiff further claims that in spite of decedent's own negligent conduct defendant had the last clear chance to avoid the accident which in effect means under this Court's interpretation of the doctrine that defendant's negligence at the time of the accident was the sole proximate cause of the accident and resulting death.

The defendant on the other hand denies that he was negligent in any respect, but even assuming his negligence for purposes of argument he claims that Sec. 480 of the Restatement of Torts is applicable and that thereunder the doctrine of last clear chance is not available to plaintiff since the decedent was merely inattentive and able to extricate herself from peril up to the time of the accident and plaintiff at no time knew of decedent's situation or position of peril.

In weighing the facts of the case as I have found them to be from the evidence presented at trial I am not satisfied under the reasonable man theory which needs no reiteration that defendant breached either his duty of lookout, control, or speed. In my opinion his actions and his inaction was the conduct of a reasonable man under similar circumstances and conditions. Plaintiff has not borne his burden of proof in proving by a preponderance of the evidence that defendant acted or failed to act in a manner different than a reasonable man would have under similar circumstances.

In view of this opinion I need go no further, but for purposes of argument I also will assume the defendant was negligent and state my thoughts concerning the application of the doctrine of last clear chance.

I disagree with the defendant that this is a case of an inattentive plaintiff which would require the application of Sec. 480 of the Restatement. The decedent in this case had no choice or control over the situation of peril she was in at the time.

She could not have extricated herself from her position at the time and in my opinion she was in "helpless peril" which requires the application of Sec. 479 of the Restatement. Defendant emphasizes 479(b) (iii & (c). Sec. 479 reads as follows:

"§ 479. DEFENDANT'S LAST CLEAR CHANCE.

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

"(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

"(b) *the defendant*

"(i) knows of the plaintiff's situation and realizes the helpless peril involved therein; *or*

"(ii) knows of the plaintiff's situation and has reason to realize the peril involved therein; *or*

"(iii) *would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and*

"(c) *thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff*".

Even assuming defendant's negligence immediately preceding the accident did the fractional second of time involved give a reasonable person sufficient time to discover the decedent's situation, to realize her position of helpless peril, and the opportunity to exercise any reasonable effort to avoid harming this lady? I think not.

It may be possible to infer from the evidence that if defendant had acted instinctively without knowing the actual danger ahead he might have swerved to his left when the truck swerved to the right, but to so infer is to disregard the reasonable man standard. The "last" chance therefore must fall and as far as a "clear" chance to avoid the accident I cannot find by any fair construction of the evidence before me that there was a clear chance at any time prior to the accident.

Time and opportunity to see, appraise and act are key factors in this case, and after a careful and conscientious consideration of the evidence of the case it is my opinion that judgment must be entered on behalf of the defendant and costs assessed against the plaintiff. It is so ordered.