**Jane S. McGRAW, Individually and as next friend of John J. McGraw, Plaintiff Below, Appellant,**

v.

**Shirley H. CORRIN, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 26, 1973.

Sheldon N. Sandler, Bader, Dorsey & Kreshtool, Wilmington, for plaintiff below, appellant.

F. Alton Tybout, Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This is an appeal from a judgment entered upon a directed verdict granted in favor of the defendant-appellee, Shirley H. Corrin (Corrin).

On November 11, 1969, plaintiff-appellant, John J. McGraw (McGraw), was struck and injured by Corrin's car while he was attempting to cross Philadelphia Pike. There were three other boys with McGraw who reached or maintained places of safety and were not injured. All of the boys ranged in age from fourteen to sixteen years old.

The impact occurred approximately 1000 feet north of the intersection of Harvey Road and Philadelphia Pike. Philadelphia Pike is a four-lane, shouldered highway with two lanes designated as northbound lanes and two as southbound lanes. The weather was dark but clear.

McGraw and three other boys had been walking north on the westerly side of Philadelphia Pike and had decided to cross at an area not designated for pedestrian traffic in order to enter an apartment complex on the easterly side of the road. McGraw said that he could not recall seeing any cars, but the other three boys, Spencer Gland, Stephen Conover, and Francis Dugan, all testified that they saw two cars approaching them in the northbound lanes. The leading car was driven by Corrin and was travelling in the right-hand lane of the road. Her car had only the left headlamp operational. Gland safely sprinted across the four lanes in safety ahead of McGraw.

Dugan remained on the westerly side of Philadelphia Pike. Conover proceeded to the middle of the road where he stopped to wait for the cars to pass; McGraw ran past Conover into the northbound lanes in front of the approaching vehicles. When Corrin's car, which was travelling at the rate of 25 miles per hour, was approximately 50 feet from him, McGraw started to sprint toward the easterly side of the highway. He was struck by the right side of Corrin's car at the edge of the right lane of the highway just before he reached the shoulder. Although there was a car in the left lane in back of Corrin, she unsuccessfully braked and swerved in the effort to avoid the accident.

McGraw charges error in the refusal of the Court below to permit the jury to determine whether Corrin had the last clear chance to avoid the accident. He also urges that this Court should abandon the law of contributory negligence and adopt the comparative negligence standard in personal injury cases.

## I

■ McGraw argues that even though he was negligent in crossing Philadelphia Pike, recovery should not be denied him because Corrin had the last clear chance to avoid the accident. The doctrine of last clear chance depends on the successive acts of negligence by both parties for its invocation; there must be a sufficient time interval between these acts in order for the party with the last clear chance to avoid the accident. Lord v. Poore, Del.Supr., 9 Terry 595, 108 A.2d 366 (1954); Disabatino & Raniere, Inc. v. Gilmore, Del.Super., 7 Terry 323, 83 A.2d 695 (1951).

McGraw alleges that he was in helpless peril and unable to extricate himself from the path of the oncoming vehicle. He relies on the dicta in Taylor v. Clive, Del. Super., 267 A.2d 893 (1970) to establish his case. The Superior Court there discussed last clear chance, but ruled that its application was not appropriate in that case because the defendant was not negligent in his actions. Taylor's decedent, a seventy-four year old lady, had negligently begun to traverse U. S. Route 113 in Dover during heavy traffic and was forced into defendant's path by the strong air pressure from a passing truck. The case is not comparable to the present one.

McGraw was not forced into a position of helpless peril. The other boys saw Corrin's car approaching in the northbound lane, and they each maintained or reached a position of relative safety prior to the accident. Conover, who stayed in the median area between the north and southbound traffic lanes, testified that McGraw reached the median after him and continued across the northbound lanes in front of Corrin's car. To be sure, there came a point beyond which McGraw could not extricate himself from the imminency of the accident; however, he negligently put himself in the danger area, in violation of the provisions of 21 Del.C. § 4143(a), by not yielding the right of way to an oncoming vehicle and attempting to cross Philadelphia Pike in a poorly-lit area not authorized or marked for pedestrian traffic.

Corrin was driving with only one functional headlamp on her car, a violation of 21 Del.C. § 4355. That violation may be negligence, but the ultimate question in this action is whose negligence was the proximate cause of the accident. It cannot be said from the record that Corrin proximately caused the accident because she had only one headlamp. Corrin testified that even with only one functional headlamp, she saw a boy on the westerly side of the Pike (presumably Dugan), a boy on the easterly side of the Pike (presumably Gland), and a boy standing in the middle of the Pike (presumably Conover). She was driving at twenty-five miles per hour. While she was observing the three boys, McGraw was in the process of crossing the southbound lanes, passing Conover, who remained standing in the middle, and entering the northbound lanes. Conover yelled to McGraw, who started to run too late to avoid being hit by Corrin. She noticed McGraw in front of her about the

same time Conover yelled. She immediately braked and swerved upon noticing McGraw in front of her, but could not stop in time.

■ Obviously, a pedestrian is more easily able to see an oncoming car with lights on at night from a greater distance than the driver of that car can see the pedestrian. Conover testified that no more than four seconds passed between the time he yelled to McGraw and the impact. Corrin braked at that time. We take judicial notice that the average normal braking distance of a car travelling at twenty-five miles per hour is ninety-one feet. Am. Jur.2d Desk Book, Doc. Nos. 175, 176 (1962). Approximately three-quarters of a second elapsed before Corrin could start braking during which time her car travelled approximately 27 feet, halfway from the point where she was when Conover yelled. An emergency braking procedure could probably have cut some distance from the average of ninety-one feet, but even so, McGraw's negligence left no appreciable time interval during which Corrin could see and analyze McGraw's peril and act to avoid it.

■ We do not accept McGraw's argument that Corrin had McGraw in plain view for a considerable time prior to the accident. McGraw relies on Pokoyski v. McDermott, Del.Supr., 3 Storey 253, 167 A.2d 742 (1961), where we held that it was a jury question as to whether or not Pokoyski saw, or should have seen, McDermott running into the street from between parked cars. There is no jury question here because Corrin did not have time to react to McGraw's presence to avoid the accident and the doctrine of last clear chance is not applicable. It was not necessary, therefore, to submit to the jury the issue of whether or not Corrin saw McGraw. McGraw's negligence, as a matter of law, was at least a proximate cause of the accident.

■ McGraw testified that he suffers from amnesia and is unable to recall details of the accident except to state that he recalled looking both ways before he entered the highway. Because of this amnesia, he argues that he is entitled to a presumption of due care relieving him of any negligent conduct under the rationale of McKeough v. Witman, Del.Super., 11 Terry 230, 127 A.2d 234 (1956). This presumption of due care can be destroyed by evidence showing that the plaintiff acted without due regard for his own safety and well-being. McGahey v. Swinehart, Del. Super., 267 A.2d 469 (1970). Here the evidence is clear that he did not exercise due care in crossing the Pike, and that his own act was the true cause of his injuries.

II

■ McGraw asks this Court to adopt the doctrine of comparative negligence which would permit some recovery even though he was negligent. The theory of comparative negligence is that a party's contributory negligence is not abrogated, rather that the damages are apportioned according to the degree of negligence, or fault, of each of the parties. Freeman v. Wilmington & Philadelphia Traction Co., 3 Boyce 107, 80 A. 1001 (Del.1911); Robinson v. Huber, Del.Super., 6 Pennewill 21, 63 A. 873 (1906).

■ Those jurisdictions which employ a comparative negligence standard do so under specific statutory provisions. 57 Am. Jur.2d, Negligence §§ 426–432 (1971); 65A C.J.S. Negligence §§ 169, 170 (1966). The contributory negligence rule has always been the law in this State; any change therein must find its origin in the Legislature.*

The judgment below will be affirmed.

---

* It appears that the comparative negligence doctrine is receiving increasing approval in other jurisdictions. Discussions of it may be found in 164 W.Va.L.Rev. 115; 75 Harv.L.Rev. 463; 21 Vand.L. Rev. 895.