HENRY M. LOVE *vs.* BARNESVILLE MANUFACTURING COMPANY, a corporation of the State of Georgia.

*Assumpsit—Contract—Evidence—Six Witnesses to a Fact—Sale of Goods—Sample—Non-delivery—Refusal to Accept—Inspection—Buying in Open Market—Damages—Damage , Caused by Act of God—Epidemic of Sickness—Reasonable Time—Question for Jury—Question for Court.*

1. When six witnesses have testified to a single fact, other witnesses, even though they be experts, cannot be examined as to the same fact. Counsel must elect what kind of witnesses he will call.

2. In an action for damages for the non-delivery of goods according to contract, the plaintiff must show a breach of the contract, either that the goods were not delivered, or that they were not according to sample.

3. The defendant would not be liable for damages caused solely by the act of God, such as an epidemic of sickness in the defendant's factory, in the absence of its undertaking to do so.

4. The true measure of damages in an action for the non-delivery of goods according to contract, is the difference between the contract price and the price of the goods in the market at the time they were to be delivered under the contract.

5. When goods are sold by sample, the purchaser has a right to examine, inspect and make a through test as they are delivered and to take such possession thereof as may be necessary to ascertain whether they are according to contract.

6. If goods sold are not according to sample, the buyer at his option, may return the goods to the seller; or may notify the seller of non-acceptance, and that the goods are held subject to his order. Every sale by sample carries with it an implied warranty that the goods when delivered shall be according to sample; and that they are fit for the use for which they were sold. A buyer may accept such goods as are according to sample, and reject such as are not.

7. During the continuance of a contract, the unqualified acceptance by the seller of payments after the time stated in the contract, is a waiver as to time.

8. When by reason of the non-delivery of goods according to contract, the buyer is obliged to go into the open market and purchase goods to replace those not so delivered; such purchaser is entitled to a reasonable length of time to do so. Where the contract expresses the time, the question is one of construction, and therefore one of law for the Court, and not for the jury. But the question of what is a

reasonable time is often a question of fact for the jury, under all the circumstances of the case.

*(March 11, 1901.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*James W. Ponder* for plaintiff.

*Levi C. Bird* and *Andrew E. Sanborn* for defendant.

Superior Court, New Castle County, February Term, 1901.

ACTION OF ASSUMPSIT, (No. 17, September Term, 1900) on a contract for the delivery of 150,000 pounds of "lls carded peeler yarn on cones." Plaintiff claimed, including interest, $6728.52 as damages for the non-delivery of 137,039 pounds of the yarn according to sample, under the terms of said contract.

See further facts in the charge of the Court.

At the trial Ponder, for plaintiff, having proved by six operatives in the plaintiff's mill the poor quality of the yarn sent by defendant under the contract, produced as an expert on the subject of cotton yarns, Thomas Ravy, and propounded to him the following question:

" Will you look at these yarns which I hand you and tell me whether, in your opinion, they are good carded peeler yarns? "

Objected to by counsel for defendant, on the ground that the same matter had already been testified to by six witnesses, which was the limit allowed under the practice of the Court. Defendant's counsel admitted that six lay witnesses had testified upon the point inquired about, but contended that the Court had never ruled that an expert could not be examined generally upon the same subject matter after six witnesses had testified to the fact from actual observation ; that it was a totally different line.

LORE, C. J.:—You have proved by six witnesses the actual

condition of that yarn, and have elected the kind of witnesses you wished to prove it by. We hold that you cannot now produce one or more experts and prove by them the condition of the same yarn.

LORE, C. J., charging the jury:

Gentlemen of the jury:—The plaintiff, Henry M. Love, claims that by contract made October 4th, 1899, he bought by sample from the Barnesville Manufacturing Company, the defendant, 150,000 pounds of 11s carded peeler yarns on cones, at the price of fourteen cents per pound; to be delivered f. o. b. at Wilmington, Delaware, at the rate of 5,000 pounds per week, commencing January 1st, 1900. That the defendants failed to deliver according to sample, under the terms of the contract, about 137,039 pounds of the yarn; that he the plaintiff was thereby compelled to go into the market and buy that quantity of yarn, at prices ranging from eighteen to nineteen cents per pound, to take the place of the yarn which was not so delivered; that he paid therefor $6,595.81 in excess of the contract price. This sum, with interest thereon, he claims to be due him from the defendant by way of damages.

The defendant claims that the contract was annulled by agreement of the parties made December 22d, 1899; and another contract substituted therefor for the delivery of 3,000 pounds per week for fourteen weeks, commencing January 1st, 1900; that in April 1900, the defendant was prevented from complying further with the then existing contract by the refusal of the plaintiff to receive any more yarn from it and to pay for the yarn already delivered.

I need not go further into the details of the case and circumstances, as you will remember the facts shown by the evidence and are to be governed solely by such recollection in making up your verdict.

It is our province to state the law upon the points raised; by which you are to be controlled in reaching your verdict.

To recover at all, the plaintiff must show a breach of the con-

tract on the part of the defendant, showing either that the goods were not delivered, or that they were not according to sample.

The defendant would not be liable for damages caused solely by the act of God, such as an epidemic of sickness in the defendant's factory, in the absence of its undertaking so to do.

If the goods delivered were of the kind and quality specified, and were delivered at the times named in the contract, and the plaintiff refused to receive any more, or to pay for those delivered, without just cause, no recovery may be had.

Upon the measure of damages, *2 Greenleaf on Evidence Section 261*, says: "Upon a contract to deliver goods, the general rule of damages for non-delivery is the market value of the goods at the time and place of the promised delivery, if no money has yet been paid by the vendee."

This Court in *Turpin, et al. vs. Richards' Admr.*, uses this language: "The measure of damages for non-delivery of goods, is the difference between the contract price, and the price at the time in the market." (*1. Harr., 324.*) In *Alderdice, et al. vs. Truss, et al., 2 Houst., 268;* the contract was made March 7, 1859, the demand and refusal ou March 12th. The Court held that the measure of damages for the non-delivery of the corn purchased was the difference between the value of the corn on the said seventh and twelfth of March. See also *White vs. Thompkins, 52 Pa. St., 367.*

In *John Leonard, et al. vs. The Johnson Forge Company*, tried at the November Term, 1899, of this Court and not reported, this Court held: "The measure of plaintiff's damages to be the market value of the iron at the time and place where it was sold and delivered."

We conclude the true measure of damages, therefore, to be the difference between the contract price and the price of the goods in the market at the time they are to be delivered under the contract.

When goods are sold by sample, the purchaser has a right to examine, inspect and make a thorough test as they are delivered,

and to take such possession thereof as may be necessary to ascertain whether they are according to contract.

If goods sold are not according to sample, the buyer at his option may return the goods to the seller; or may notify the seller of non-acceptance and that the goods are held subject to his order.

Every sale of goods by sample, carries with it an implied warranty that the goods when delivered shall be according to sample; that they are fit for the use for which they were sold.

A buyer may accept such goods as are according to sample, and reject such as are not.

During the continuance of a contract, the unqualified acceptance by the seller of payments after the time stated in the contract is a waiver as to time.

When by reason of the non-delivery of goods according to contract, the buyer is obliged to go into the open market and purchase goods to replace those not so delivered; such purchaser is entitled to a reasonable length of time to do so. Where the contract expresses the time, the question is one of construction, and therefore one of law for the Court and not for the jury; but the question of what is a reasonable time is often a question of fact for the jury, under all the circumstances of the case. (*Benj. on Sales,* *Secs. 1024 and 1048*). Under all the circumstances of this case, we think it is here a question for the jury.

The dispute in this case seems to be not so much as to what the law is, as to its application to the facts of this case.

If you should find that the plaintiff kept his contract with the defendant, but by reason of the default of the defendant, paid out a sum of money in excess of the contract price, to replace goods which the defendant agreed, and failed to furnish; the plaintiff would be entitled to recover such sum, with interest thereon by way of damages.

Governing yourselves by the law as the Court has expressed

it in this charge, you are to determine what, if any damage, the plaintiff is entitled to recover.

(Exception noted for defendant.)

Verdict for plaintiff for $6728.52.