BARNESVILLE MANUFACTURING COMPANY, defendant below plaintiff in error vs. HENRY M. LOVE, plaintiff below, defendant in error.

*Supreme Court—Writ of Error—Contract; Breach of—Delivery of Goods—Purchase of Goods—What is reasonable time for— Jury to determine, if facts are in dispute—Court to determine in other cases.*

1. When the seller fails to deliver goods according to contract, and the buyer is obliged to go into the market and purchase goods to replace those not delivered, he is entitled to a reasonable time to do so.

2. As a general rule it is the province of the Court to construe written contracts,

and when the time for the delivery can be ascertained by the mere construction of the written contract between the parties, this should be done by the Court. So also, where the time for delivery is fixed, the question as to what was a reasonable time within which to replace the goods not delivered, is generally a question of law for the determination of the Court; but where the facts are in dispute, the time for delivery and a reasonable time to replace goods not delivered, are often questions proper to be determined by the jury under all the circumstances of the case.

*( June 17, 1902.)*

NICHOLSON, Ch., and SPRUANCE and GRUBB, J. J., sitting.

*Levi C. Bird* and *Andrew E. Sanborn* for plaintiff in error.

*Saulsbury, Ponder and Curtis* for defendant in error.

Supreme Court, January Term, 1902.

WRIT OF ERROR to the Superior Court for New Castle County.

SPRUANCE, J.:—This action was brought to recover damages for the breach of a contract. On October 4, 1899, the defendant, a corporation of the State of Georgia, a manufacturer of yarns, entered into a written contract with the plaintiff, a manufacturer of knit goods, for the delivery to him in Wilmington, Del., of 150,000 pounds of yarn of the kind therein described (of which a sample was afterwards furnished by the defendant and approved by the plaintiff) at 14 cents per pound, the deliveries to commence on January 1, 1900, and be made at the rate of 5,000 pounds per week.

This contract was subsequently modified by the correspondence between the parties admitted in evidence (Record p. 21).

The defendant made no deliveries during January, but during February and March he delivered about 11,000 pounds, which were accepted. He made no other deliveries which were accepted, but it does not appear that either party rescinded the contract.

The evidence was conflicting as to whether the quality of certain yarn shipped by the defendant to the plaintiff, which the latter refused to accept, was in accordance with the contract. To take the place of yarn which the defendant should have delivered, the plaintiff, during February, May, June, July and August, purchased of various persons an aggregate of 106,539 pounds of yarn, at prices varying from 18 to 19 cents per pound, which, with the amount accepted from the defendant as above stated, made 117,539 pounds. The balance of the yarn required to make the quantity called for by the contract, viz., 32,461 pounds, was purchased by the plaintiff on October 22, at $19\frac{1}{4}$ cents, being $5\frac{1}{4}$ cents in excess of the contract price, making $1,704.20. No contest is made by the defendant as to any prior purchases by the plaintiff, but he insists that said last purchase was too remote from the contract time for his deliveries, and that the Court erred in the admission of evidence as to the same, and in failing to instruct the jury that said last purchase was not made within a reasonable time.

When the seller fails to deliver goods according to his contract, and the buyer is obliged to go into the market and purchase goods to replace those not delivered, he is entitled to a reasonable time to do so.

In such cases two questions may arise—*first*, what was the time for delivery, and *second*, what was a reasonable time within which to replace the goods not delivered.

As a general rule it is the province of the Court to construe written contracts, and when the time for delivery can be ascertained by the mere construction of the written contract between the parties, this should be done by the Court.

So also, where the time for delivery is fixed, the question as to what was a reasonable time within which to replace the goods not delivered, is generally a question of law for the determination of the Court; but where the facts are in dispute, the time for delivery and a reasonable time to replace goods not delivered are often questions proper to be determined by the jury under all the circumstances of the case.

*2 Benj. on Sales (6th Ed.) Secs. 1024, 1048 ; Ogle vs. Vane, 3 Q. B., 272 ; Ellis vs. Thompson et al, 3 M. & W., 445 ; Greene vs. Dingley, 24 Maine, 131, 137.*

The counsel of the plaintiff and defendant disagree as to when the time for the defendant's deliveries expired.

If the contract of October 4, 1899 had been strictly adhered to, the last delivery would have been made about the end of July ; but if the January deliveries were waived, this might extend the time a month longer, or until say the end of August; and if, the required deliveries for 14 weeks were by agreement of the parties reduced to 3,000 pounds per week, this might further extend the time for the final delivery over five weeks, or until the early part of October ; and there was evidence tending to show that this was the effect of the correspondence and dealings between the parties subsequent to the execution of the contract.

There was evidence to the effect that at the time when, according to the defendant's contention, the last delivery should have been made, there was no market in which said yarn could have been purchased; and that just prior to said last purchase by the plaintiff at $19\frac{1}{4}$ cents, the market price of said yarn was $20\frac{5}{8}$ cents.

Under all the circumstances of this case we think that the Court properly submitted to the jury the question as to reasonable time, and the sixth seventh, eight and ninth assignments of error are therefore overruled.

The first and second assignments of error, relating to the admission of evidence of said purchase of October 22, as too remote, are for like reasons overruled.

The third assignment of error, relating to the admission of evidence of a statement concerning the inferior quality of yarn furnished by the defendant, is overruled, as it appears that said statement was made by an agent of the defendant, and in the course of his employment, and was proper for the information of the jury.

The fourth assignment of error was abandoned by the defendant.

The fifth assignment of error is as to a hypothetical state of facts, not warranted by the evidence, and was properly disregarded by the Court.

The tenth assignment of error, to the effect that in instructing the jury, that if the plaintiff paid out a sum of money in excess of the contract price to replace goods not delivered by the defendant, he would be entitled to recover such sum with average interest thereon, there was error, in that the Court omitted to state that to entitle the plaintiff to so recover, the goods must have been replaced within a reasonable time. As this qualification, however, was fully and correctly stated in another part of the charge, its omission in this clause was not calculated to mislead the jury, and this assignment is therefore overruled.

The judgment below is affirmed.