MARY DIETRICH *vs.* MABEL P. BADDERS and BENJAMIN BADDERS.

1. SALES—DEFENSES—BREACH OF WARRANTY.

20 *Del. Laws, c.* 588, providing that want or failure in whole or in part of the consideration of bills and notes may be shown as a defense, when the action is between the original parties, a buyer of a horse warranted to be sound may, when sued on the note for the price by the payee, rely on breach of warranty and recoup in damages.

2. TRIAL—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The jury are the exclusive judges of the weight of the testimony and credibility of the witnesses, and must, if possible, reconcile the testimony; but, if that cannot be done, they must accept that testimony, which they consider to be most worthy of belief, in view of the intelligence, interest, and bias of the witnesses.

3. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE.

Whether a mother, selling personalty at public auction, authorized her son to make a warranty, may be implied from the general authority which she permitted him to exercise in managing the sale.

4. AUCTIONS AND AUCTIONEERS—WARRANTY—RELIANCE BY BUYER.

A seller at public vendue, who affirmatively asserted at the sale that a horse was good and sound, except for a visible injury, and commended its good qualities, did not thereby warrant it as to soundness; but if, at the time of the sale, he made representations as to its soundness as an inducement to a sale, and the buyer relied thereon, there was a warranty of soundness, whether the seller knew of any unsoundness.

5. SALES—CONTRACTS—WARRANTY—BREACH.

A warranty of the soundness of a horse sold is breached, where a disease not visible and palpable at the time of sale impaired its usefulness, whether known to the seller or not; but the warranty is not breached where, subsequently to the sale, the horse becomes diseased while in the possession of the buyer.

6. SALES—WARRANTY—KNOWLEDGE OF BUYER.

A buyer of a horse, who had full knowledge of its qualities at the time of the sale, and who relied on his own judgment and observation, and not on a warranty, cannot defeat a recovery of the price on the ground of breach of warranty.

7. SALES—BREACH OF WARRANTY—BURDEN OF PROOF.

A buyer of a horse, who seeks to defeat a recovery of the price on the ground of breach of warranty of soundness, must prove a warranty of soundness made just before or at the time of sale, and that unsoundness existed at the time of sale.

8. SALES—CONTRACTS—RESCISSION—DELIVERY—QUESTION FOR JURY.

Whether a buyer of a horse redelivered it to the seller, so as to authorize a rescission of the contract of sale, is for the jury, in view of the circumstances showing the seller's change of residence between the time of sale and the time of the attempted return by the buyer.

9. Sales—Contracts—Rescission—Reasonable Time.

Where the terms of a contract of sale are in dispute until fixed by the jury, the question whether the buyer rescinded within a reasonable time is for the jury under the circumstances of the case, though what constitutes a reasonable time within which to rescind a contract is ordinarily a question of law.

10. Sales—Contracts—Rescission—Reasonable Time.

Where the seller of a horse warranted it as against invisible defects, and also warranted that a visible injury would heal and make the horse sound, the buyer could keep the horse for such time as would be reasonable for the injury to become better or worse before rescinding for breach of warranty.

11. Sales—Contracts—Rescission—Liability of Seller.

Where a buyer makes a proper and timely rescission of the contract of sale for breach of the seller's warranty, the seller, suing for the price, is liable to the buyer, under notice of recoupment, for the damages caused by the breach.

12. Sales—Contracts—Breach of Warranty.

Where a seller under a warranty induced the buyer to delay the return of the article sold for breach of warranty, the seller waived his right to a return within the time that might be considered reasonable after first discovering the breach.

(*November* 26, 1913.)

Judges Woolley and Rice sitting.

*William F. Kurtz* for plaintiff.

*Reuben Satterthwaite, Jr.*, for defendants.

Superior Court, New Castle County, November Term, 1913.

Action of Assumpsit (No. 40, January Term, 1913) upon a promissory note, made by the defendants, payable to the order of the plaintiff, for the sum of two hundred and fifty-nine dollars and ninety-two cents, being the price bid for a mare and a rake, at a public vendue of certain property of the plaintiff, together with lawful interest and protest charges. The defense was partial failure of consideration, and damages sustained, by way of recoupment, the contention being that the mare was warranted to be sound or no sale, while in fact she was foundered at the time of sale, and damages were sustained in excess of plaintiff's demand. The facts appear in the charge of the court.

Woolley, J., charging the jury:

Gentlemen of the jury:—This action was instituted by the plaintiff against the defendants upon a promissory note, made by

Charge.

the latter to the order of the former, whereby the plaintiff seeks to recover from the defendants the sum of two hundred and fifty-nine dollars and ninety-two cents, the principal of the obligation, with lawful interest thereon from the fifth day of October, A. D. 1912, together with the sum of one dollar and seventy-one cents protest charges. The plaintiff proves that the note was given in payment of the purchase price of a mare and a rake, sold by the plaintiff and purchased of her by the defendants at a public vendue, held upon her premises in this county on the fifth day of October, A. D. 1912; that the price of the mare was two hundred and forty dollars and the price of the rake was eight dollars, the difference between the aggregate of the two sums and the face of the note being the interest added; that the note was protested and the sum demanded remains unpaid.

The defendants admit the purchase of the mare and rake at the prices stated, and that the note was given in payment therefor, but for defense avail themselves of the terms of a statute of this state, *Chapter* 588, *Volume* 20, *Laws of Delaware*, which provides "that want or failure in whole or in part of the consideration of bills and notes for the payment of money may be shown as a defense total or partial," when, as in this case, the action is between the original parties thereto, and in proof of a total failure of the consideration of the note, maintain, that the mare was sold by the plaintiff under an express warranty of her soundness, that at the time of the sale and for a period theretofore and until thereafter returned, the mare was unsound, which condition was discovered by them shortly if not immediately after receiving her, that they promptly acquainted the plaintiff with the condition of the mare, by notifying the plaintiff in person the day after the sale and twice later by informing her son, who it is claimed had at the vendue announced the mare to be sound, and as the mother's agent represented her in the transaction, that the mare was sick, and after caring for and doctoring the mare from the date of purchase until the thirtieth day of March following, working her as it is claimed, but two times during this interval, they returned her to the plaintiff. Upon this representation of facts the defendants maintain there is a total failure of the considera-

tion for the note, in that the contract of sale was vitiated by a breach of the plaintiff's alleged warranty of the soundness of the mare and that by way of recoupment, the defendant sustained damages in the manner testified to and to an amount in excess of the total of the plaintiff's demand against them upon the note, for money laid out and expended in the care of the mare, the cost of her keep, medical attendance, medicines, etc.

In reply, the plaintiff maintains that in the sale of the mare, neither she nor any one with her authority warranted the mare to be sound; but if it should be found that by expression or implication, such a warranty may be attributed to her, then in fact the mare was sound at the time of the sale and consequently she committed no breach of warranty as claimed by the defendants.

[1] The plaintiff maintains that under the statute which permits the maker of a note to show a partial or total failure of consideration of the note, when sued upon, the maker of the note may not include and embrace therein the elements of damage that may be consequent therefrom and accumulate in respect thereto, even though the same may be included and recovered in a counteraction upon the same matter, instituted by the maker against the payee. This we do not believe to be the law, as the obvious intent of the statute is not to permit the maker of a promissory note to vary the terms thereof, but when sued thereupon by his original promisee, to enable him to make the same claims or demand with respect to the matter that constituted a want or failure of consideration of the note, as he could have made, if he himself had instituted a suit against the promisee on the same matter out of which the consideration of the note arose. If in this instance, no note had been given for the purchase price of the mare, and the plaintiff had sued directly on the contract of sale, the defendants could have replied a breach of a special warranty and have recouped in damages. Obviously then, they may attempt the same thing in defending upon the note upon the want of consideration.

[2] There is in this case no dispute as to the sale of the mare. This is admitted. There is however, a dispute as to the terms of the sale, and from the controversy that revolves thereabout, you

are to extract the truth.  For this truth you are to reach into the testimony, of which you are the sole and exclusive judges and which by the Constitution of this state we are forbidden to consider or discuss with you.  In seeking the truth, that is, what constitutes the true and precise terms of this sale and the compliance or violation thereof by all the parties, you are to reconcile the testimony if you can, and if you cannot you are to accept that testimony which you consider to be most worthy of belief and reject that which you consider least worthy of belief, having regard to the intelligence, interest and bias of the witnesses and their capacity and inclination to see, and understand and remember that to which they have testified.

The first question for you to consider and determine is whether the sale of the mare was made with a warranty as to her soundness.  If, at the time of the sale, there was no warranty as to her soundness made by, or with the authority of, the plaintiff, then the defendants purchased the mare at their own risk.  If they made the purchase at their own risk, there is then no failure of a consideration of the note, and your verdict should be for the plaintiff for the principal, interest and protest charges proven.

[3-6]  If you find that at the time of the sale there were representations made by the plaintiff or by one authoritatively acting for her, as to the mare's soundness, you are next to determine whether they amount to a warranty.  Whether the plaintiff in this case, who is the mother of the son managing the sale, authorized the son to make the warranty, is to be gathered or it may be implied, from the general authority which she permitted him to exercise in managing her sale.  No particular words or formula are necessary to create a warranty.  Every affirmation made by the vendor or her qualified agent at the time of sale, as a fact and as an inducement to the sale, if the buyer relies thereupon, amounts to a warranty.  Whatever representations are made by the seller at the time of the sale as to the quality of the thing sold is generally held in law to amount to an express warranty.  Any disease or infirmity of the mare not visible and palpable at the time of the sale which impaired her usefulness, would render her not sound, and whether known to the plaintiff or not would constitute a

Charge

breach of the alleged warranty—if you find a warranty did exist. *Ellison v. Simmons*, 6 *Penn.* 200, 65 *Atl.* 591, of which, in your testimony, of which. If you, gentlemen of the jury, believe that the mare was warranted and was sound as warranted on the day of sale, then the plaintiff is entitled to a verdict for the full amount of the note, with interest from October 5, 1912, and costs of protest proven. If you believe that the mare had been foundered at any time prior to the day of sale but had been cured of that disorder and was well and sound on the day of sale as warranted, and that she was subsequently foundered while in the possession of the defendants, then the plaintiff is entitled to a verdict for the full amount of the note, with interest from October 5, 1912, and the costs of protest. *Mills v. Gibbin*, 2 *Harr.* 32.

If you find that the plaintiff's agent simply affirmed or asserted at the sale that the mare was good and sound except the visible injury to her hind leg, and simply praised or commended her good qualities, without warranting her as to soundness, then there was no warranty, and the plaintiff is entitled to recover of a note. *O'Neal v. Bacon*, 1 *Houst.* 218; *Tyre v. Causey*, 4 *Harr.* 426.

If you believe that the defendants had full knowledge of the mare and of her qualities, and he or she or they relied on their own judgment and observation in regard to the matter, and not on a warranty, either express or implied, the plaintiff is entitled to recover; but if you are satisfied from the evidence that the mare was, at the time of the sale, warranted to be sound, and that at that time she was not sound, whether the plaintiff knew it or not, and if the defendants relied upon the warranty, then the plaintiff would be bound by the warranty, and she cannot recover for the value of the mare. *O'Neal v. Bacon*, 1 *Houst.* 218; *Ellison v. Simmons*, 6 *Penn.* 200, 65 *Atl.* 591; *Collins v. Tigner*, 5 *Penn.* 345, 60 *Atl.* 978, an inducement to the sale, if the buyer relies thereon.

If you are satisfied that the representation as to the soundness of the mare, including the visible injury to one of her hind legs, that it would have become right, or were made by plaintiff's son prior to the sale, with the knowledge and consent of his mother, the plaintiff, either expressly or impliedly, this would constitute a warranty, and thereupon the defendants must prove three things to the satisfaction of the jury:

[7] 1. The defendants must prove an express warranty, viz.: that the plaintiff expressly stated that the mare was sound or represented her as a sound mare, or that such representations as to soundness were made by some person acting under the authority of the plaintiff. These representations must have been made either just before or at the time of the sale.

2. If the defendants have proved the contract of warranty, they must next show the breach thereof. They must prove that the unsoundness *existed at the time of the sale*. Any disease, infirmity or defect which then rendered the mare less fit for present use and convenience, and not openly and palpably visible, and which is discoverable only by persons of skill and judgment, in regard to the qualities of horses, constitutes unsoundness. They must also show that the leg did not "come right".

[8] 3. The third thing that must be proved is damages.

It is the right of a party to a contract under certain circumstances to rescind it. And in order to avail himself of the right of rescission, it must be done in a certain way. It is usually done by the return and delivery of the thing purchased, which delivery must be made within a reasonable time. In this particular case it is alleged that the mare was returned by the defendants to the plaintiff. It is contended by the defendants that the return was a good delivery, and it is contended by the plaintiff that it was no delivery at all. It is for you to decide whether it was a delivery. In law a delivery is the transmission of property from one person to another. That is the physical part of it. And the legal part is that it must be done as quickly as can be done under the particular circumstances of the case. There is no rule with respect to delivery that will apply in every case. You have heard the situation of the plaintiff when she sold the mare. You have heard of her change of residence between the time that she sold the mare and the time the mare was attempted to be returned to her. It is for you to decide whether or not when the defendants undertook to return the mare to the plaintiff they did it in as reasonable and as practicable and sensible a way as they could under the situation in which they found themselves with respect to the plaintiff.

We say to you that the best delivery is the physical return of property to the person to whom it is intended to be returned. If I hand you a bucket, I deliver the bucket to you from my hand to your hand, which is a complete delivery and there can be no question about it; but a manual delivery to a person to whom the delivery is attempted cannot always be made, because it is made impossible at times by the change of residence, change in circumstances of health, sickness, physical presence or physical absence of the parties—all of those things vary the ability of one person to return or deliver the property to another person. Therefore, it is for you to decide in this case as to the act and fact of delivery, whether under the circumstances of this case the defendants returned the mare into the possession of the plaintiff as well as they could under the circumstances of the plaintiff's residence on the farm, and their ability to deliver such a thing as a horse.

[9] The next question for you to determine is whether the mare, if returned, was returned within a reasonable time. What will constitute a reasonable time within which to rescind a contract, is usually a matter of construction of the contract and is therefore a question of law for the court and not for the jury. When, however, it develops that the terms of a contract are in dispute and being in dispute are uncertain and unknown until determined by the jury, then construction of the disputed terms of the contract cannot be made by the court and in such cases of dispute the question of what are the terms of the contract, and the reasonable time for an act thereunder, for instance, the terms of a warranty and a reasonable time for rescission, or the time for delivery and a reasonable time to replace goods not delivered under a contract of sale, are often questions proper and necessary to be determined by a jury under the circumstances of the case. *Love v. Barnesville Mfg. Co.*, 3 *Penn.* 152, 156, 50 *Atl.* 536; *Barnesville Mfg. Co. v. Love*, 3 *Penn.* 570, 571, 52 *Atl.* 267.

[10] The warranty alleged in this case is unusual in that it is twofold in its nature, extending as it is claimed to the general soundness of the mare as against invisible defects, and to the recovery of an unsound leg, which was a visible defect. If you find there was no warranty for the recovery of the unsound leg,

it was the duty of the defendants to have returned the mare to the plaintiff promptly and immediately upon the discovery by them that the mare was not as otherwise warranted. Anything else would constitute unreasonable time.

If, however, you find there was, in addition to a general warranty of soundness, a warranty that an injured leg "had to come right", the defendants were entitled to keep the mare under the latter warranty for such time as under the circumstances would be reasonable for the leg to get better or worse. This latter warranty, assuming both warranties to have been made as claimed by the defendants, justified the defendants keeping the mare for a time longer than, without it, they would have been justified in keeping the mare under the terms of the general warranty as to soundness. There being in this case a conflict of testimony not only as to the existence of the warranties, but also as to their terms, and there being a dispute as to whether one warranty was related to the other so as to affect the reasonableness of the time within which rescission should have been made, we consider that this is not a case in which the court can determine as a construction of the contract, because of lack of certainty as to its terms, whether the rescission was made within a reasonable time after a breach of the warranty, but is a case in which that question should be submitted to you, gentlemen of the jury.

[11] A sale properly rescinded is substantially like one never made or completed, and when the buyer of a mare makes a proper and timely rescission of the sale, the seller is liable to the buyer under notice of recoupment, in an action for the purchase price, for the expense of keeping the mare and for all consequential damages caused by the breach of warranty. *Webster v. Beebe*, 1 *Boyce* 318, 76 *Atl.* 54; *Williston on Sales*, *p.* 1021; *Hillard on Contracts*, *Vol.* 2, *p.* 195.

[12] If the plaintiff or her agent induced the delay in the return of the mare by statements to the defendants, the plaintiff has then waived her right to have the mare returned within the time that first might be considered reasonable, after the defendants discovered that she was not sound.

If you believe that the defendants lawfully and properly

rescinded the contract of sale for the mare, then the plaintiff is not entitled to recover the two hundred and forty dollars, the purchase price of the mare, with eight months' interest; and if you believe that the defendants have proven damages sustained by them as a result of the breach of warranty equal to or in excess of the balance of eight dollars and interest due on said note, your verdict should be for the defendants. *Benson v. Wilmington City Ry. Co.*, 1 *Boyce* 207, 75 *Atl.* 793.

If you should find that the defendants made a legal return and delivery of the mare to the plaintiff because of a breach of the plaintiff's warranty as to the mare's qualities, the plaintiff cannot recover against the defendants, but as against the claim of the plaintiff, by reason of the statute, you may set off the sum of two hundred and forty dollars, the price of the mare, and such damages consequential upon the alleged breach of the plaintiff's warranty as may have been proven up to the amount of the plaintiff's demand on the note, but not in excess of it.

If, however, you find that the defendants did not make a delivery of the mare to the plaintiff, under the law as we have instructed you, then we say to you that the defendants may still defend upon the ground of the alleged breach of a warranty, and if you find that the mare was not sound as warranted, then you may set off against the demand of the plaintiff on the note given for the purchase of the mare, which is the two hundred and forty dollars, such an amount of money as you find represents the difference in value between the mare as sound and the mare as unsound.

Verdict for plaintiff.