[No. 13426.  Department One.  July 17, 1916.]

GUSTAF BACKMAN, *Respondent*, v. OLE G. HOLMAN, *Appellant*.[1]

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—EVIDENCE—ADMISSIBILITY. In an action for alienation of a wife's affections, a letter written by defendant, showing affectionate regard for plaintiff's wife, is not inadmissible because defendant claims to have written it at plaintiff's solicitation to enable him to get a divorce, procuring the same by fraud, where defendant's version was denied and an issue for the jury.

EVIDENCE—DOCUMENTARY EVIDENCE—LETTERS — CONTENTS.  Error cannot be assigned on the exclusion of a letter written in a foreign language the contents of which were not disclosed or known to the court at the time it was offered, or until defendant stated that he rested his case "with the exception of the translation of the letter."

TRIAL—MISCONDUCT OF COUNSEL.  It is not prejudicial misconduct of counsel, in calling his client to the stand, to direct him to take a certain chair.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered September 15, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort, tried on the merits.  Affirmed.

*E. C. Dailey* and *Clifford Newton*, for appellant.

*Martin J. Lund*, for respondent.

CHADWICK, J.—Respondent recovered damages in the court below for the alienation of his wife's affections.

[1]Reported in 159 Pac. 125.

Two errors are assigned on appeal. First, that a letter which was written by appellant disclosing his affectionate regard for the wife of respondent was admitted in evidence by the court. Appellant says that he has no regard for the wife of respondent, but wrote the letter at the solicitation of the respondent to be used by him in procuring a divorce; that respondent said that his attorney advised him that he could not get a divorce unless "he had a love letter," and that he wrote the letter to aid the respondent in his purpose to procure a divorce. The parties are foreigners, speaking in part through an interpreter, and it is hard to put the working of their minds on paper, but we would liken the attitude of appellant in respect to the letter, as he now describes it, to that of an accommodation maker or indorser in the commercial world.

He further contends that, inasmuch as the letter is used in this case, and not for the purpose intended by him, the legal consequence is that it was procured by fraud and misrepresentation and should have been rejected by the court as a fraudulent document. But appellant overlooks the fact that the jury did not believe his version of the transaction, and did believe the respondent, who says that the letter is a copy, voluntarily made by appellant, of a real letter written by appellant to respondent's wife. The letter was admissible in evidence.

Error is also assigned in that the court admitted a letter written by the wife of respondent to respondent. The letter was written in the Swedish language. It was offered as tending to show the relationship then, and thereafter, existing between appellant and respondent's wife. No translation of the letter had been made at the time it was offered nor can we say from the record that its meaning was disclosed to the jury. It would seem that it was not. The court held that the letter would be admitted "for the purpose of showing that the relation between them was cordial and affectionate." There-

after a translation of the letter made by the interpreter was offered, counsel saying:

"With the exception of the translation of the letter I will close my case. The Court. Well, I will reverse my ruling on that . . . I don't think it is material. I don't think it is competent. I don't know what the letter contains. . . . I think it is hearsay. . . . So I will sustain the objection and stand by my original ruling and the letter will not go to the jury. Plaintiff excepts."

The claim of error in this regard is not well founded.

Misconduct of counsel is urged. When counsel for respondent was about to address the jury, he said: "Gust, take that chair." This direction was quickly challenged by counsel for appellant, saying: "Hold on now. What does this mean? We object to such conduct on the part of plaintiff's attorney." The Court: "Well, I don't know as it makes any difference where the plaintiff sits."

Nor do we.

Affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and MOUNT, JJ., concur.