[Civ. No. 3188.   Second Appellate District, Division Two.—April 20, 1920.]

## ARTHUR H. PRATT, Respondent, v. ALVIN H. HARROLD, Appellant.

[1] ALIENATION OF AFFECTIONS—LETTERS TO WIFE—ADMISSIBILITY OF In an action by a husband for the alienation of his wife's affections, letters written by defendant to plaintiff's wife which show that defendant was, and for some time had been, by no means a passive agent in the love-making, and which tend to corroborate her testimony that defendant made love to her, gained her affections and encouraged her in a plan to obtain a divorce from her husband and marry him, are relevant and competent evidence, where defendant, for defense to the action, pleads and attempts to prove that he is the victim of a conspiracy and that the woman tempted him, notwithstanding such letters did not reach the wife but were intercepted by the husband before their delivery through the mails.

[2] ID.—COMPETENCY OF WIFE AS WITNESS.—In an action by a husband for the alienation of his wife's affections, the wife is a competent witness.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl Newmire for Appellant.

Wm. H. Morse, Jr., and S. M. Johnstone for Respondent.

SLOANE, J.—This is an appeal by the defendant from a judgment for fifteen hundred dollars for the alienation of the affections of plaintiff's wife.

The only points raised on the appeal are upon the rulings of the court in the admission of evidence. [1] Exception is taken to the introduction of certain letters written by the defendant to plaintiff's wife, a number of which were intercepted by the husband before their delivery through the mails to the wife, and also to the admission in evidence of the wife's testimony. Appellant's brief is very meager in elucidating his points, and there is no brief for respondent.

We think the letters were relevant and competent evidence. They, it is true, not having reached the wife, could not have been influential in diverting her affections from her husband, although they were fervently directed to that end. However, the defendant, for defense to the action, had pleaded and attempted to prove that he was the victim of a conspiracy and that the woman had tempted him. These letters were calculated to show, by their ardent declarations and admissions, that he was, and for some time past had been, by no means a passive agent in the love-making, and tended to corroborate the wife's testimony that defendant had made love to her, gained her affections and encouraged her in a plan to obtain a divorce from her husband and marry him.

[2] The objection that the wife was not a competent witness, under the prohibitions of section 1881 of the Code of Civil Procedure disqualifying a wife as a witness under certain conditions, is not well taken. If this section has ever applied to testimony such as here offered, the limitation has been removed ever since the amendment of 1907, which permits such testimony in an action brought by husband or wife against another person for alienation of the affections of either the husband or the wife.

The wife's testimony was rather perfunctory, and not very conclusive; but appellant concedes that it was, with

other evidence in the case, sufficient, if admissible, to sustain the findings and judgment, and in this we agree with him.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.