JAMES W. MERCER, ADMINISTRATOR OF CATHERINE M. RUBENS, DECEASED, RESPONDENT, v. ETHELYN C. PARSONS, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. In a suit by a wife for the alienation of her husband's affections where there was testimony of acts evidencing wrongful and willful attempts by the defendant to bring about such alienation, a letter from the defendant addressed to the husband tending to show that the attempts had been successful and that the wife was being kept in ignorance of that fact by the two of them, was properly admitted in evidence, although the letter was intercepted by the wife and never reached the husband.

2. Assuming, but not deciding, that the wife in intercepting a letter from the defendant addressed through the mails to her husband, violates the penal federal postal laws, that fact does not preclude her from putting such letter in evidence in a suit for the alienation of her husband's affections.

On appeal from the Bergen County Circuit Court.

For the appellant, *Hartshorne, Insley & Vreeland.*

For the respondent, *Mackay & Mackay.*

The opinion of the court was delivered by

WHITE, J. This is a suit by a wife (who has died since the trial) for the alienation of her husband's affections by the defendant, who is a widow. The jury found for the plaintiff. The appellant claims there should have been a nonsuit or a direction of a verdict for the defendant. We think not.

There was, in our judgment, sufficient evidence to justify a finding by the jury that defendant had wrongfully and willfully attempted to alienate the affections of plaintiff's husband, and had succeeded in so doing, and that it was done without the wife's consent. Defendant was a woman of some

means and the evidence indicates that she made advances to plaintiff's husband (knowing him to be such), who was a compositor in the same art printing establishment where defendant was employed as a proofreader. She loaned him money from time to time, was much in his company, had him, at her invitation and without his wife's previous knowledge, visit her at her farm, near Phillipsburg, and stay there with her for five weeks, and, according to the testimony of the wife (denied, however, by the defendant and several *alibi* witnesses in her behalf), she, the defendant, on two occasions, went with the husband to a hotel in New York where they registered as man and wife and stayed in one room together all night. On the other hand, there was testimony tending to show the innocent character of all of these episodes, except the ones in the New York hotel, which, as before stated, were denied *in toto*. A letter from the defendant to the husband, however, abounding in expressions of ardent love and ending as follows, "Dear, be careful to destroy my letters; they might give trouble. This is dangerous you know. Please write often and I will to you, my best beloved. Look into my heart and read all that I dare not write to you. With love, Your Sweetheart," was evidence from which the jury was entitled to draw the inference that the various incidents which the evidence showed had gone before did not fall exactly within the platonic class, and that so far as they were of an improper character that they were without the knowledge and consent of the wife.

It is said, however, that this letter was harmless and irrelevant because it never reached the husband (the wife opened it when the children brought it home from the post-office and then quietly kept it) and consequently it could not have alienated his affections. This criticism (ignoring the obvious fallacy of the suggestion that such a letter so intercepted is ever harmless) might have some force if the letter were the only evidence in the case. But considered in conjunction with the proved previous performances, the letter is quite illuminating and is certainly relevant.

It is further claimed that this letter was erroneously admitted in evidence because offered in behalf of the wife, who, it is argued, in obtaining possession of it, violated the provisions of the United States postal laws forbidding, under penalty, the opening of a letter addressed through the mails to another. No authority is cited by counsel for this proposition, and we think none could be cited. Of course the communication was not privileged. In fact, we cannot think of a communication which would be less privileged. And as for plaintiff being "estopped" as claimed by counsel, from using it in evidence, it would be quite as logical to hold that if it had appeared that she failed to pay her car fare (thereby violating the penal statutes in such case made and provided) when surreptitiously following the defendant and the erring husband on the same train as they journeyed to the New York hotel, she would thereby have been precluded or "estopped" from testifying as she did that she saw them enter the hotel together and that five minutes later she examined the register and saw where they had registered in her husband's handwriting as man and wife and been assigned to room 52. We think the letter was properly admitted. *Rice v. Rice,* 23 *Atl. Rep.* 946.

There being, therefore, as before stated, evidence justifying a finding of a wrongful, willful and successful attempt by the defendant to seduce to herself the husband's affections without the wife's consent, and also ample proof of the wife's consequent loss of her husband's consortium, the motions for a nonsuit and for a direction of a verdict for the defendant were properly refused.

We have examined the other assignments of error raised by the appeal and find them without merit.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.