NEIL ROSE v. W. W. DEAN.

(Filed 17 November, 1926.)

### 1. Husband and Wife—Alienation of Wife's Affection—Malice.

In order for a husband to recover damages for the alienation of his wife's affections, where no element of seduction or adultery exists, it is necessary for the plaintiff to prove malice in the sense of unjustifiable conduct of the defendant causing the injury in suit.

### 2. Same—Evidence—Letters.

A single intercepted letter written by the defendant in an action by the husband for damages for alienating his wife's affection, where immorality between them is not claimed, and malice is necessary to be shown, is insufficient, in the absence of other evidence tending to show unjustifiable conduct on the part of the defendant causing the injury in suit.

APPEAL by defendant from *Lyon, J.,* at March Term, 1926, of SURRY.

*W. F. Carter and J. H. Folger for the plaintiff.*
*Graves & Graves and Walter E. Brock for defendant.*

ADAMS, J. This is an action to recover damages for the alienation of the affections of the plaintiff's wife. The defendant offered no evidence, and at the conclusion of the plaintiff's testimony moved to dismiss the action as in case of nonsuit. Upon denial of the motion issues were submitted to the jury and upon the verdict judgment was rendered in favor of the plaintiff. The defendant's motion in our opinion should have been allowed.

The basis of the action is the husband's loss of the society, affection, and assistance of his wife, and if there is no element of seduction or adultery malice must be shown; but "malice" as used here means unjustifiable conduct causing the injury complained of. *Cottle v. Johnson,* 179 N. C., 426.

The plaintiff testified that he married Pearl Newsom in March, 1920, and that one child was born of the marriage; that he moved his family from Mount Airy to Winston-Salem in the spring of 1922; that he worked for the defendant, who was a machinist in a furniture factory; that on 18 March, 1923, the plaintiff, his wife, and the defendant went together in an automobile from Winston-Salem to Mount Airy, all occupying the front seat, the wife between her husband and the defendant. The next day the plaintiff and the defendant returned to Winston-Salem, Mrs. Rose remaining with her mother in Mount Airy. In respone to a telephone call from his brother the plaintiff went back to Mount Airy on the day following, and on his arrival there was informed of a letter written by the defendant to the plaintiff's wife, which, how-

ever, had been delivered to another woman of the same name. For some months afterwards the plaintiff and his wife were separated.

The letter referred to was put in evidence by the plaintiff. A recital of its perfervid inanities is unnecessary, for his wife never received it, and there is no evidence that she had any acquaintance with the defendant until the day the three made the trip from Winston-Salem to Mount Airy or that there had been any other communication between them except possibly a conversation in the presence of her husband or her mother. For want of other evidence the plaintiff relies chiefly on the letter and refers as authority for its competency to 30 C. J., 1143, sec. 1016: "Letters of love and affection written by defendant to the alleged alienated spouse are admissible to show the character of the relation between them and to establish the fact of alienation, even though such letters were intercepted by plaintiff spouse and never reached the alienated spouse." This statement must be considered in the light of the authorities cited in its support. In these cases there was evidence either that the wife had received and answered the defendant's letters *(Mead v. Randall,* 69 N. W., 506); or that a systematic effort had been made by the defendant to alienate the wife's affections by gifts and personal address as well as by letters, the receipt of which was not questioned *(Hartpence v. Rodgers,* 45 S. W., 650); or that the letter was written at the plaintiff's request *(Backman v. Holman,* 159 Pac., 125); or that letters written by the defendant to the wife and intercepted by the husband tended to negative testimony that the defendant was the victim of a conspiracy and to corroborate the wife's testimony that he had tried to win her affections. *Pratt v. Harold,* 190 Pac., 372. In *Mercer v. Parsons,* 112 At., 254, it is intimated that an intercepted letter, if the only evidence, would not be sufficient.

In our case the letter is substantially the only evidence on the question of alienation; it never reached the plaintiff's wife; it is not one of a series of connected circumstances; it is not corroborative; it stands alone and of itself is insufficient.

The motion for nonsuit should have been allowed.

Error.