COOK *v.* SCHWEMLER.

1. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—EVIDENCE—
ADULTERY.
  In action for alienation of wife's affections, where count charg-
    ing adultery was withdrawn by plaintiff, rulings of court as to
    admissibility of evidence, *held*, not prejudicial error, although
    court may have been overcautious in desiring to eliminate
    testimony from which inference of adultery might be drawn.

2. EVIDENCE—ORAL EVIDENCE—AMBIGUOUS EXPRESSIONS.
  Generally, ambiguous written expressions are subject to explana-
    tion by oral testimony.

3. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—EVIDENCE—EX-
PLANATION OF WRITTEN STATEMENT.
  Where, in action for alienation of wife's affections, letter from
    defendant to plaintiff's wife was introduced in evidence, de-
    fendant was properly allowed to explain that statement there-
    in that he could write a lot of stuff did not mean mushy stuff.

4. NEW TRIAL—WEIGHT OF EVIDENCE.
  Motion for new trial on ground that verdict for defendant was
    against great weight of evidence was properly denied.

Error to Oakland; Doty (Frank L.), J. Submit-
ted January 7, 1931. (Docket No. 41, Calendar No.
35,170.) Decided February 27, 1931.

Case by Herbert P. Cook against Theodore
Schwemler for alienation of his wife's affections.
Judgment for defendant. Plaintiff brings error.
Affirmed.

*R. D. Patterson* (*N. Calvin Bigelow*, of counsel),
for plaintiff.

*A. Floyd Blakeslee*, for defendant.

NORTH, J. Plaintiff's suit is for damages resulting from an alleged alienation of his wife's affections. Defendant had judgment, and plaintiff reviews by writ of error.

The assignments of error relate largely to rulings on the admissibility of evidence. At the beginning of the trial plaintiff dismissed the count in his declaration charging adultery. For the most part the rulings of which appellant complains seem to have been prompted by the trial court's desire to eliminate any testimony offered by plaintiff from which an inference of adultery might be drawn. In some instances the court may have been overcautious but we do not think prejudicial error resulted.

Plaintiff produced in evidence three letters written to his wife by defendant; and in one of these defendant wrote: "You no I could rite a hole lots of stuff." Over objection defendant was allowed to testify that in so writing he did "not mean mushy stuff." Plaintiff's contention is that it was not competent for defendant to explain orally the meaning of this expression in his letter. There is no merit to this objection as applied to an indefinite or ambiguous written statement such as quoted. There seems to be no good reason for applying stricter rules of evidence and construction to written instruments which are pertinent to cases of this character than is applied to instruments creating contractual relations and governing the rights of the parties. The general rule is that ambiguous written expressions are subject to explanation by oral testimony. Often this is the only means of developing the truth which enables courts and juries to place the correct construction on the ambiguous written expression. *Sturges* v. *Railway Co.*, 166 Mich. 231; Potter, Michigan Evidence, § 392. In *Backman* v. *Holman*,

92 Wash. 227 (159 Pac. 125), this rule was applied in a suit for alienation of affections.

The three letters above referred to, when considered in the light of the close friendship which existed for years between plaintiff's family and that of defendant, lose very much of the evidentiary force which plaintiff would attach to them. Except for these letters plaintiff's testimony stands uncorroborated. His tendency to distort minor incidents is disclosed by his cross-examination. The verdict was not against the weight of evidence, and the trial court's so holding incident to the denial of plaintiff's motion for a new trial was correct.

We have considered other questions raised by the assignments of error. They are without merit. Judgment is affirmed, with costs to the appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.