EDWIN L. LORD, Defendant Below, Plaintiff in Error, v. NOBLE POORE, Plaintiff Below, Defendant in Error.

596

*(October 26, 1954.)*

SOUTHERLAND, Chief Justice, BRAMHALL, Justice, and SEITZ, Chancellor, sitting.

*Everett F. Warrington,* attorney for Defendant Below, Plaintiff in Error.

*James L. Latchum* (of Berl, Potter and Anderson), attorney for Plaintiff Below, Defendant in Error.

Supreme Court of the State of Delaware, No. 18, 1954.

SOUTHERLAND, C. J.:

In the court below Noble Poore, the plaintiff, recovered judgment against Edwin L. Lord, the defendant, for injuries suffered in a motor vehicle collision. Lord appeals. The principal question is whether the evidence justified the court below in submitting to the jury the issue of "last clear chance". Other errors are also asserted.

The facts hereinafter set forth are undisputed, except where conflict is noted.

On an evening in August, 1952, Poore and Arthur Boyce, a friend, left Milford, Delaware, in Poore's automobile to take their dogs out for exercise. They stopped at a point on an unimproved road some distance from Milford. The road has a slight crown, and on either side is a low bank about eighteen inches high. Poore's car was parked on the right (or westerly) side of the road, headed southerly toward Milford. The lights were turned out and were not turned on at the time of the collision, or for some time before. This was a violation of the motor vehicle laws.

Plaintiff's evidence tended to show that on parking the car he left a clear space of twenty feet between his car and the left-hand side of the road, as required by law. Defendant's evidence was that the clear space was only eighteen feet.

At the place where the car was parked there were open fields on both sides of the road. The road was straight. It was a clear, bright, moonlight night. The moon was two days past the full and had risen about quarter past nine o'clock.

At about 11:45 p.m. Poore and Boyce called the dogs and made ready to go home. Poore went to the rear of his car to put one of the dogs into the trunk compartment.

Shortly before this time Lord's car had appeared on the road, headed north. It had stopped some distance away to the

south. Its lights were then turned off. Soon thereafter Lord start-ed his car again and proceeded north. In violation of the motor vehicle laws he was driving without lights. Nevertheless, Boyce, who was sitting in the front seat of Poore's car, could see Lord's car plainly as it approached. Lord continued on and crashed into the left front of Poore's car, forcing it back against Poore, who was behind it. Poore was knocked down and seriously injured, and his automobile was badly damaged. There was evidence that Lord was driving at a rate of forty to forty-five miles an hour, and was driving on the wrong side of the road—to his left. There was also evidence that Lord was looking to his side just before the collision and hence was not keeping a proper lookout for objects on the road ahead of him.

In submitting the case to the jury the court held that both parties were guilty of negligence in failing to have lights of their cars turned on, in violation of statutory requirements. The issue relating to the required clearance of twenty feet was left to the jury. The trial judge then proceeded to explain to the jury the doctrine of last clear chance. Holding that under the facts this was a jury question, he left it to the jury to determine whether Poore's negligence was succeeded by Lord's negligence by such an interval of time that Lord's negligence intervened to render Poore's negligence inoperative, that is, whether Poore's negligence was so remote as not to be a contributing cause of the accident.

The submission of this issue to the jury is assailed as error. Lord contended that Poore's negligence—parking without lights —continued up to the time of the accident and was, as a matter of law, a concurring or contributing cause thereof. Hence Lord says that as a matter of law the rule of last clear chance was inapplicable, and judgment should have been given in his favor.

The doctrine of last clear chance has been twice applied by our Supreme Court to cases of motor vehicle collisions involving cars parked illegally upon public roads. *Island Express Co. v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181; *Baker v.*

*Reid*, 5 *Terry* (44 *Del.*) 112, 57 *A.* 2d 103. In the *Island Express* case, the Court observed that the doctrine was a special application of proximate cause, and said [35 *Del.* 569, 171 *A.* 186]:

"* * * The doctrine, whether it be given the particular designation of 'last clear chance,' of 'discovered peril' or simply 'proximate cause,' should be applied where the negligence of the plaintiff is subsequent to that of the defendant, and the facts and circumstances of the plaintiff's negligence are such that the negligence of the defendant is so insulated, or detached from the real cause of the damage as to be what is a remote cause, while the negligence of the plaintiff is the supervening active cause."[1]

The Court also said:

"* * * if the negligences were not concurrent, or mutual, but one suceeded the other by an appreciable interval of time, then a question of proximate cause, meaning effective legal cause in the sense of sole cause, arises for consideration and determination by the jury, under proper instructions, * * *."

In the *Baker* case these rules were reaffirmed. In that case a car, parked on the highway in violation of law but with its rear lights lighted, was struck by another car and the driver of the first car was killed. There was evidence tending to show that the approaching driver saw the lights of the parked car in time to have avoided the accident. The Court held that the facts justified a charge on last clear chance. In that case the charge was manifestly based upon the language of the *Island Express* case, and was held to be correct.

Such a charge was given in this case. Lord's contention here is, as above stated, that no charge on last clear chance was justified. In particular he says that there was no evidence that any

---

[1]In the *Island Express* case the doctrine was applied in favor of the defendant.

interval of time intervened between Poore's negligence and Lord's, and the jury could not reasonably make such a finding.

In one sense it is true that plaintiff's negligence continued to the time of the accident. This, indeed, is the basis for invoking the doctrine of last clear chance. The question always is, whose negligence, *for the purpose of applying the doctrine,* is to be regarded as the proximate cause of the accident? The rule of "successive negligence" is merely a way of stating the rule of proximate cause.

It may be conceded that the concept of proximate and remote cause, which is basic in our decisions, and in those of many other courts, often presents difficulty in application and is somewhat less than satisfactory. See the review of the Virginia cases, and the general discussion of the problem, in 40 *Virginia Law Review,* No. 5, 637 ff.

The modern view is that the doctrine of last clear chance is simply an exception to the rule that contributory negligence bars recovery. It is applied, first, to the case of a plaintiff who has negligently placed himself in a position of helpless peril, that is, a position from which he is unable physically to extricate himself just before the accident. In such a case the defendant is liable if either he saw the plaintiff or by the exercise of reasonable care could have seen him. It is applied, second, to the case of a negligently inattentive plaintiff, that is, a plaintiff who has negligently placed himself in a dangerous position, but who is able, at any time before the accident, to extricate himself from his position of peril. But in the latter case it must appear that the defendant actually discovered the plaintiff's position, knew of the plaintiff's situation and had reason to realize that plaintiff was inattentive. See *Re-Statement of the Law of Torts, Negligence,* § 479 and §480.

We do not suggest that the concept of proximate and remote cause should be abandoned in this State. It has twice been approved by our Supreme Court and appears to represent the prevailing law. Nevertheless, the weight of authority in those

states which apply the concept of proximate and remote cause accepts the distinction made between a plaintiff in a position of helpless peril and a plaintiff negligently inattentive who, knowing himself in a position of peril, could have extricated himself therefrom at any time before the accident. In the latter case, plaintiff's negligence is held not to be remote but concurrent, and recovery is denied, unless the defendant's knowledge and realization of the plaintiff's situation can be shown. 38 *Am. Jur., Negligence,* § 224.

This distinction does not seem to be clearly recognized in *Baker v. Reid, supra.* We agree with the decision in that case since the plaintiff was clearly in a position of helpless peril and the defendant by the exercise of reasonable care could have discovered the plaintiff's situation. But some of its language might be read as permitting recovery by a negligently inattentive plaintiff on the ground that his dangerous position, though not known to the defendant, might have been discovered by the exercise of reasonable care. This is too broad a statement of the rule and the authority of the *Baker* case should be limited accordingly. In applying our rules of proximate and remote cause recovery should be denied to a negligently inattentive plaintiff unless the evidence shows that defendant knew of plaintiff's situation and had reason to believe that he was inattentive and unlikely to discover his peril in time to avoid harm.

In the instant case we must determine whether a jury could reasonably find that the defendant's negligence was the proximate cause of the accident and that the plaintiff's negligence was remote. We examine the facts to determine, first, whether plaintiff was at and just before the time of the accident in a position of helpless peril.

It appears that shortly before the accident (how long is uncertain) plaintiff had gone to the rear of his car to put the dogs in the rear compartment. Defendant's car started up and proceeded down the road. Plaintiff in his position at the rear of his own car could not see Lord's car approaching, since it was

running without lights, and there is nothing to show that Poore heard Lord start his car. At the time when Lord's car was nearing the scene, and when Lord had ample opportunity to avoid the accident, Poore's car was in a position of danger from which Poore could not extricate it in time to avert the collision, either by moving it or turning on the lights. Poore's own danger was an incident of the danger to his car and his injuries an incident to the collision. It is said that he had put himself in a position peculiarly dangerous to himself. We do not agree. He had no reason in the circumstances to expect that another car, traveling without lights on the wrong side of the road, would crash into the front of his car—parked, as it was, on the right side of the road. If it be said that he was able at the last moment to extricate himself by stepping aside, the answer is that he was unaware of the approaching danger. We are therefore of the opinion that the position was one of helpless peril.

As to Lord, it seems that by exercising ordinary vigilance he could have seen Poore's car and could easily have avoided the accident. The evidence suggests that Lord was not paying proper attention to what he was doing. If he had been looking ahead and watching the road, he would have seen Poore's car in the bright moonlight, and would not have been driving on the wrong side of the road. The evidence indicates that he had ample time to see and to bear to the right; and this is so even if the clear space left by plaintiff was only eighteen feet. In the words of the rule, he had a clear chance to avoid the accident at the last moment. Certainly a jury could reasonably take this view of the matter.

We are of opinion that there was no error in submitting to the jury the issue of last clear chance.

Error is assigned to the court's refusal to declare a mistrial for prejudice. During the direct examination of an officer of the Milford police, Poore's attorney undertook to prove that at a hearing in Milford before the Alderman, Lord had pleaded guilty to driving without lights. Asked whether Lord made any

other statements the witness replied: "I don't know what his exact statement was, but in general, he said that he was insured—". Lord's attorney lodged an immediate objection, asserting that the purpose of the question was to elicit such a reply. Poore's attorney denied this and the court accepted his assurance that the statement attributed to Lord had been unknown to him. Lord moved for a mistrial. The motion was denied. The court then instructed the jury that the remark must be disregarded and that whether or not there was insurance in force was not a matter for their consideration.

 Mention of liability insurance in an automobile collision case is obviously prejudicial to the defendant. Some courts take the view that as a matter of law any mention of insurance before the jury requires a mistrial. In Delaware the rule is otherwise. The Supreme Court has held that ordinarily an appropriate instruction from the court to disregard such evidence is sufficient to protect the defendant. Of course a case may arise where the incident is so flagrant as to demand the drastic remedy of a mistrial. The question is one primarily for the sound discretion of the trial court. *Blatz v. Wilson*, 5 *W. W. Harr.* (35 *Del.*) 546, 553, 170 *A.* 808.

 Lord appears to argue that plaintiff's counsel should have foreseen that the witness would make the statement he did respecting insurance, and that the court should have so found. The trial judge saw and heard the incident, and concluded that Poore's counsel was not at fault. We find no basis in the record to disturb his finding. The suggestion that the officer was a biased witness falls far short of showing that Poore's attorney had any foreknowledge of the answer he received to his question.

Having determined that the incident was inadvertent and that plaintiff's attorney was without fault, the court in the exercise of its discretion determined that a mistrial should not be declared. No abuse of that discretion is shown—indeed, it is not specifically charged. Hence the ruling cannot be successfully

assailed in this Court. *Trowell v. Diamond Supply Co.*, 46 *Del.* 319, 91 *A.* 2d 797.

Lord next urges that the court erred in refusing to charge the jury in the following language:

"If the jury should find in favor of the plaintiff, he is only entitled to recover for such loss of wages only as according to the evidence was made necessary as a result of the injuries sustained in the accident."

■ We gather that Lord wished a charge to the effect that loss of wages as an element of damage is compensable only to the extent that the loss resulted from the accident. Such a charge was in substance given. The court was not required to use the quoted language. Moreover, no exception was taken to the charge actually given on this point.

Finally, Lord assigns as error the refusal to charge the jury as follows:

"One who voluntarily places himself in a perilous position when potential danger is apparent is not exercising ordinary care for his own safety."

■■ The legal theory advanced to support this charge is that of assumption of risk—or perhaps, contributory negligence. Its only pertinency to this case depends on Lord's main contention that Poore was guilty of contributory negligence and hence could not recover. It was admitted that Poore was negligent, and the court so instructed the jury. But contributory negligence of a plaintiff does not of itself bar recovery in a case in which the doctrine of last clear chance is invoked. As we have already said, it is a necessary predicate for applying that doctrine. The doctrine assumes that plaintiff has negligently placed himself in a position of danger. The charge was in effect a prayer for a directed verdict for defendant on the ground of contributory negligence. It merely presented in another form the main

question in the case, which we have already discussed and decided.

We find no error and the judgment is affirmed.