MARC PILOT, Plaintiff, v. DOMINIC A. NECASTRO, Defendant.

(*October* 3, 1956.)

HERRMANN, J., sitting.

*Joseph A. L. Errigo, John E. Wilson* and *James P. D'Angelo* for the Plaintiff.

*Vincent A Theisen* (of Logan, Marvel, Boggs and Theisen) and *David B. Coxe, Jr.,* for the Defendant.

Superior Court for New Castle County, No. 1009, Civil Action, 1955.

HERRMANN, J.:

This case went to the jury on two counts, one alleging alienation of affections and the other alleging criminal conversation. The verdict of the jury was in favor of the plaintiff in the amount of $7,500. In announcing the verdict, the foreman of the jury volunteered the information that the verdict was being awarded as compensatory damages[1] on the criminal conversation count. Upon inquiry by the court regarding the form of the verdict, the foreman stated that the jury found for the defendant on the alienation count. This was all confirmed by a polling of the jury.

Analysis of the jury's verdict, in the light of the extraordinary information tendered by it, indicates that the jury concluded that the defendant and the plaintiff's wife had committed adultery on the one occasion charged but that the defendant was not responsible for the plaintiff's loss of the affections of his wife. The verdict also indicates the jury's conclusion that the sum of $7,500 is proper compensation to a husband for an act of adultery with his wife notwithstanding the conclusion that the adulterer did not alienate the wife's affections.

At pre-trial conference, I ruled that the jury was not to have knowledge (1) that the Family Court had found the defendant guilty of adultery with the plaintiff's wife, or (2) that the plaintiff had obtained a divorce decree in this Court on the ground of his wife's adultery with the defendant. This ruling was based upon the proposition that such evidence would not be admissible because the adultery found in the other proceedings

---

[1]The foreman's announcement of specific type of damages was understandable, though uninvited, because there was a claim for punitive damages in the case and the jury had been instructed regarding the types of damages it might award to the plaintiff if it found in his favor. See *Rash v. Pratt*, 1 *W. W. Harr.* 18, 111 *A.* 225.

was the very issue to be decided by the jury under the criminal conversation count in this case[2].

During the trial, the following exchange took place:

"Mr. Errigo: We haven't covered the relationship as existed between this man and his wife. We have covered the relationship that existed between this man's wife and this defendant.

"The Court: Will that be repetitious, Mr. Errigo?

"Mr. Errigo: No.

"Mr. Theisen: It has already been asked. He asked was there any change in their feelings.

"The Court: I have Mr. Errigo's representation that it will not be repetitious.

"Mr. Errigo: I don't recall asking that question.

"Q. Did you have the same harmonious relationship with your wife, Mr. Pilot, after August 2 that you had prior to the first week in June of 1955? A. No, we had absolutely no marital relationships whatsoever.

"Q. Is there still a marriage between you and your wife at the present time? A. Pardon me?

"Q. Does that marriage still exist? A. No, the marriage was terminated in divorce on the ground of adultery.

"Mr. Theisen: I object to that.

"The Court: Let the reference to the ground of the divorce be stricken and, members of the jury, you are instructed to disregard that part of the answer.

---

[2]Because *res judicata* and collateral estoppel are brought to mind by this situation, it is noted (1) that the Family Court case was a criminal case in which the defendant herein pleaded not guilty and (2) the defendant herein was not a party in the divorce proceedings between the plaintiff and his wife. Compare *Luick v. Arends*, 21 *N. D.* 614, 132 *N. W.* 353.

"Mr. Theisen: As a matter of fact, I want the whole thing stricken because it is not true, to my knowledge; the last check that I made was just on Friday, and decree has not yet been entered in that divorce.

"Mr. Errigo: He is wrong there, if your Honor please.

"Mr. Theisen: I will prove that later.

"Mr. Errigo: I think we better meet that now. Do you have a copy of it? There will be a decree nisi.

"Mr. Theisen: I don't want any further discussion of this thing before the jury.

"Mr. Errigo: I would like to read here that there is—

"Mr. Theisen: I object.

"Mr. Errigo: It is admissible, if your Honor please, to show that there has been a decree in divorce, without mentioning the ground.

"The Court: The objection is overruled. The jury now has the fact that these parties are divorced. I see no harm in that.

"Mr. Errigo: I don't either.

"Mr. Theisen: Of course you do see the harm in the answer that was given.

"The Court: I have already instructed the jury to disregard the answer as to the ground on which the divorce was granted.

"Members of the jury, you have the fact that there was a divorce; other than that, please disregard the last answer * * *"

■ I am of the opinion that the plaintiff's disclosure of adultery, as the ground of the divorce, was so unfairly and seriously prejudicial to the defendant that refusal to grant a new trial would be inconsistent with substantial justice. See Civil Rule 61, *Del. C. Ann.*

The question of whether a single act of adultery actually took place between the plaintiff's wife and the defendant was very closely contested. Its determination was crucial to the jury's conclusion upon the criminal conversation charge. The plaintiff's testimony, which had been ruled inadmissible, went to the merits of the case and permitted the inference that this Court had, in the divorce case, made a finding of adultery by the plaintiff's wife with the defendant. I am convinced that this may have seriously prejudiced the jury against the defendant in its deliberations upon the charge of criminal conversation.

After a review of the authorities, I am content with the ruling that evidence of the ground of the divorce was improper. While the fact of divorce was admissible in mitigation of damages, the ground of the divorce was not admissible under the circumstances here presented. See *Waldron v. Waldron*, 156 *U. S.* 361, 15 *S. Ct.* 383, 389, 39 *L. Ed.* 453; *Prettyman v. Williamson*, 1 *Penn.* 224, 39 *A.* 731; *Rash v. Pratt*, 1 *W. W. Harr.* 18, 111 *A.* 225; *Mead v. Randall*, 111 *Mich.* 268, 69 *N. W.* 506; *Luick v. Arends*, 21 *N. D.* 614, 132 *N. W.* 353; 20 *A. L. R.* 946, 951; 20 *A. L. R.* 2d 1173; compare *Annarina v. Boland*, 136 *Md.* 365, 111 *A.* 84.

The court's instruction to the jury to disregard the plaintiff's improper statement did not cure the evil of the probable inference, raised in the minds of the jurors, that a judge of this court had already made a finding in the divorce case upon the very issue of fact they had before them for decision. Appropriate instructions from the court to the jury often may be deemed adequate, in the discretion of the trial judge, to protect a party against the wrongful effect of improper and prejudicial testimony. See *Blatz v. Wilson*, 5 *W. W. Harr.* 546, 170 *A.* 808; *Lord v. Poore*, 9 *Terry* 595, 108 *A.* 2d 366. This is not such a case, however. Compare *Waldron v. Waldron*, 156 *U. S.* 361, 15 *S. Ct.* 383, 39 *L. Ed.* 453. Here was the classic situation in which the objection of counsel, the exchange between counsel and the court, the ruling and the repeated admonition by the court to the jury only served to re-emphasize the improper statement

and to impress it upon the minds of the jurors so as to make it ineradicable as a practical matter. Compare *United States v. Grayson*, 2 *Cir.*, 166 *F.* 2d 863, 871.

The pre-trial conference preceded the trial in this case by only five days. It was the duty of the plaintiff's attorney to advise the plaintiff as to the court's ruling on the subject and to caution the plaintiff against testifying as he did. If plaintiff's attorney did so, the plaintiff was either careless or he intentionally disregarded the advice of counsel and the ruling of the court. If counsel did not caution the plaintiff, he is responsible for this situation.

There must be a new trial.