UNION CARBIDE CORPORATION, a corporation of the State of Delaware, Plaintiff,

v.

HICKS EXPRESS, Inc., and Jesse A. Griffin, Defendants.

Civ. A. No. 1950.

United States District Court
D. Delaware.

May 7, 1958.

Hugh L. Corroon (of Berl, Potter & Anderson), Wilmington, Del., for plaintiff.

William Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

This is a diversity case in which the law of Delaware is controlling. On October 14, 1955, at about 5:15 A.M., plaintiff's (Union Carbide's) tractor-trailer was proceeding south on Governor Printz Highway, a dual highway, in a blinding rainstorm. It collided with the defendant's (Hicks') trailer which, it will be assumed for the purpose of this motion, was standing more or less at right angles across both lanes of the southbound lane of the highway. It was dark. Defendant's trailer was dark in color and had no lights. Visibility of

plaintiff's driver was limited to 25 ft. He was traveling from 20 to 25 M.P.H. just before the collision. His estimates vary as to the distance he was from the standing vehicle when he first saw it. At one point, he states he was 20 ft. from the Hicks' truck when he first applied his brakes. At other times during his deposition, he indicates he was almost 20 ft. from defendant's trailer when he first saw it and 6 ft. away when his brakes took hold.

 Defendant's motion is predicated mainly on the principle that it is negligence to drive at such a speed and under such atmospheric conditions as not to be able to stop within the range of the headlights. Generally, this may be a correct proposition of law but it must be applied with caution. For instance, defendant has cited in support of his position Philadelphia & Reading Ry. Co. v. Dillon, 1921, 1 W.W.Harr. 247, 31 Del. 247, 114 A. 62, 15 A.L.R. 894. In that case, an automobile ran into the side of an unlighted freight car lawfully occupying a railroad crossing at night and defendant was held to be guilty of negligence as a matter of law. It should be borne in mind, however, that a somewhat different principle of law may be applicable in such a situation. In a railroad crossing case, the very existence of railroad tracks crossing a highway is a warning of danger. Reed v. Queen Anne's R. Co., 4 Pennewill, Del., 413, 57 A. 529. On the other hand, except in rare instances, it is negligence to stop an automobile upon the traveled portion of the highway, so that a motorist may usually rely upon the fact that unlighted vehicles will not be negligently stopped on the highway ahead of him.[1] Compare

Morehouse v. City of Everett, 141 Wash. 399, 252 P. 157, 58 A.L.R. 1482; Morris v. Sells-Floto Circus, Inc., 4 Cir., 65 F. 2d 782. Moreover, in Dillon the night was clear while, here, the visibility was sharply restricted. In Keffala v. Satterfield, 1948, 5 Terry 524, 44 Del. 524, 62 A.2d 437, 440, a motorist crashed into an unlighted vehicle standing in the highway at night during a heavy snowstorm. The Superior Court denied defendant's motion for a new trial based upon this same theory, saying in part: "I decline, therefore, to adopt a rule of law which would preclude recovery under all circumstances where a motorist collides with an object on the highway during the nighttime."[2]

 A motion for summary judgment is granted reluctantly and only in very clear cases. In the light of the state of the Delaware law on this point, it is my conclusion that defendant's first ground for judgment must be denied.

The next ground urged by the defendant is that the plaintiff had the last clear chance to avoid the accident. His theory is that the truck was in a position of helpless peril from which it could not be moved and, inasmuch as the plaintiff in the exercise of care and caution ought to have seen the danger in time to avoid it, he had the last clear chance to avert the accident. Lord v. Poore, 9 Terry 595, 48 Del. 595, 108 A.2d 366. However, at this stage of the proceeding, this contention is denied for the same reasons as the first.

Finally, it is contended that the plaintiff cannot rely on the principle of res ipsa loquitur under the facts of this case. This question may await disposition at trial.

Defendant's motion will be denied.

1. Subject always to the duty to keep a proper lookout.

2. In Burton v. Delaware Poultry Co. (Del. Super.Ct., unreported), the charge was preserved. It stated in part, "It is negligence not to see what is clearly visible where there is nothing to obscure the vision of the driver." Apparently again,

as in Dillon, the night was clear. The Superior Court in Keffala commented on the Burton case as follows: "Clearly the Superior Court did not lay down an arbitrary rule of law to the effect that, in every case, and regardless of circumstances, a Plaintiff is guilty of contributory negligence in colliding with an obstruction in the road."