**RICHARD COLGIN COMPANY, Inc.**

v.

**DIAMOND CRYSTAL SALT COMPANY.**

Civ. No. 485.

United States District Court
E. D. North Carolina,
Washington Division.
Jan. 8, 1963.

curing salt" it must contain not less than 5% of sucrose or cane sugar. Plaintiff contends that the formula furnished the defendant Diamond contained sucrose in such a quantity. Diamond contends that the formula furnished to it by the plaintiff did not provide for sufficient sucrose or sugar to meet the requirements of the regulations of the North Carolina Department of Agriculture.

A pre-trial conference was held in this action on September 11, 1962, at Washington, North Carolina. At that time the defendant filed a motion for summary judgment. The Court, in its discretion, allowed the parties sufficient time in which to file briefs in support of their respective positions.

### FINDINGS OF FACT

1. The plaintiff is a corporation incorporated under the laws of the State of Texas, and defendant is a corporation incorporated under the laws of the State of Michigan.

2. That on or about July 1, 1957, plaintiff and defendant entered into a written contract for the production of curing salt. The contract terminated on March 1, 1958, but the provisions of the contract remained in full force and effect by stipulation of the contracting parties.

3. The parties concur in the view that the contract was entered into in Kentucky and that Kentucky law should control its construction.

4. This is an action between citizens of different states and is in the United States District Court by virtue of Title 28 U.S.C. § 1332.

### CONCLUSIONS OF LAW

■ 1. The defendant Diamond has filed a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. When a party moves for summary judgment in an action it is thereby claiming that there are no genuine issues to be tried. Summary judgment is authorized only where

John C. Rodman, of Rodman & Rodman, Washington, N. C., for plaintiff.

William L. Thorp, Jr., and Charles T. Lane, of Spruill, Thorp, Trotter & Biggs, Rocky Mount, N. C., for defendant.

LARKINS, District Judge.

This action arose out of a contract for the purchase of curing salt between the plaintiff Richard Colgin Company, Inc. (hereinafter called Colgin) and the Diamond Crystal Salt Company (hereinafter called Diamond). The contract expired on March 1, 1958, but all of its terms and provisions were, by subsequent agreement, between plaintiff and defendant continued in full force and effect until defendant's alleged breach occurred.

The plaintiff alleges that it furnished the defendant Diamond a formula to be used in mixing the curing salt. It alleged the regulations of the North Carolina Department of Agriculture required that for a curing salt to be labeled "sugar

the moving party is entitled to judgment as a matter of law and where it is clear what the truth is, and where no genuine issue remains for trial. It is not the purpose of the rule to cut litigants off from their right of trial by jury if they have issues to try. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

2. It has also been held that the purpose of the summary judgment rule is to provide against vexation and delay which necessarily comes from formal trial of cases in which there is no substantial issue of fact, but summary judgment procedure is not intended to be used as a substitute for regular trial of cases in which there are disputed fact issues upon which outcome of the litigation depends. Krieger v. Ownership Corp., 270 F.2d 265 (3rd Cir., 1959); Kimble v. Anderson-Tully Co., 16 F.R.D. 502 (E.D.Ark.1955); and Klein v. Lionel Corp., 18 F.R.D. 184 (D.Del.1955).

3. Considering the above authorities, this Court cannot say as a matter of law that defendant is entitled to summary judgment. There is a bona fide dispute in the action before this Court, and, therefore, summary judgment is not an appropriate method to dispose of the case. The plaintiff Colgin vigorously contends that the defendant Diamond breached the contract in preparing the curing salt. Colgin contends that the formula furnished Diamond contained sufficient sucrose or sugar to enable the curing salt to be labeled "sugar curing salt".

On the other hand, defendant Diamond contends that the formula was mixed in accord with Colgin's specifications and that the formula did not contain sufficient sucrose or sugar to comply with the North Carolina Department of Agriculture's standards for "sugar curing salt".

Defendant Diamond further contends that there could not be any liability on its part, even if it were guilty of negligence, in preparing the formula. It contends that it has successfully contracted against any liability by virtue of the disclaimer provision in the contract. However, plaintiff Colgin contends that its cause of action does not lie in tort, but instead, involves a breach of contract.

4. With these facts before the Court, the motion for summary judgment must be denied. Union Carbide Corp. v. Hicks Express, Inc., 162 F.Supp. 612 (D.Del.1958), held that a motion for summary judgment is granted reluctantly and only in very clear cases. Also, the case of Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478 (8th Cir., 1960), held that courts should exercise great caution in granting summary judgments and should guard against depriving a party of a trial upon the merits when a bona fide dispute exists upon any material issue of fact.

5. The defendant Diamond also contends that the jurisdictional amount is not present in the case and therefore this Court does not have jurisdiction over the subject matter. A study of the cases decided under Title 28 U.S.C. § 1332 will readily dispose of this contention as being without merit.

6. In Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), the United States Supreme Court said that the amount in controversy under Title 28 U.S.C. § 1332 is decided from the complaint itself, unless it appears or is shown that the amount stated in the complaint is not claimed in good faith.

Also, in deciding the question of good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. In Fireman's Fund Ins. Co. v. Ry. Express Agency, Inc., 253 F.2d 780 (6th Cir., 1958), the court held that in cases brought in federal court, the sum claimed by the plaintiff controls the matter of dismissal for want of jurisdiction if the claim is apparently made in good faith.

The defendant Diamond has not raised the question of plaintiff's bad faith in his allegation of damages.

Accordingly, this contention is dismissed as being without merit.

The defendant's motion for summary judgment is hereby

Denied.

Order filed in accordance with this Opinion.